# D | & | N

# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

December 9, 2019

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** ***Haneo and Mero v. Parts Authority, LLC* et al.**
> **Case No. 19-cv-10720 (LGS)**

Dear Judge Schofield:

My law firm and I represent Defendant Northeast Logistics, Inc. ("Diligent") in the above-referenced action. Pursuant to Part III(C)(2) of Your Honor's Individual Rules and Procedures for Civil Cases Practices, we submit this letter on behalf of Diligent, and Defendants Parts Authority Inc. and Parts Authority, LLC (collectively, "Parts Authority"), in advance of a proposed motion to dismiss. In addition to the jurisdictional and other defects of the Complaint, judicial intervention is necessary to prevent Plaintiffs from pursuing in court class claims that belong, if anywhere, in arbitration individually.

In this case, Plaintiffs Davidson Haneo and Miguel Mero assert violations of New York Labor Law ("NYLL") on behalf of themselves and "all current and former Delivery Drivers" (Cplt. ¶ 84). They define "Delivery Drivers" as "auto parts delivery drivers hired through Diligent, a staffing firm, who Parts Authority had misclassified as independent contractors" (Cplt. ¶ 2). They allege that Parts Authority did not consider them to be its employees and consequently did not pay them overtime (Count I), pay them minimum wage (Count II), reimburse their vehicle expenses (Count III), provide them with wage notices (Count IV), provide them with wage statements (Count V), or provide "spread of hours" pay (Count VI). Plaintiffs further allege that they "anticipate" amending their complaint one day to bring a collective action under the Fair Labor Standards Act ("FLSA") (Cplt. ¶ 63). This is presumably on the assumption that Plaintiffs' attorneys may one day be retained by someone who performed delivery services for Parts Authority within the last three years and did not agree to submit such claims to binding arbitration. To be sure, no FLSA claims have been asserted in this case and Plaintiffs do not allege in the Complaint that Diligent violated any laws.

Even liberally construed, the Complaint does not contain any assertion, let alone a factual allegation, that Diligent violated any aspect of the NYLL. Diligent should therefore be dismissed from this litigation pursuant to Rule 12(b)(6) of the Federal Rules Civil Procedure as Plaintiffs have failed to state a claim against it upon which relief may be granted. Plaintiffs say they named Diligent as a "necessary party" under Fed. R. Civ. P. 19 (Cplt. ¶ 19) in order to obtain an injunction barring it from negotiating release agreements with current and former drivers who are not parties to this action, but might one day want to join an FLSA collective action should it someday be filed (Cplt. ¶

Hon. Lorna G. Schofield
December 9, 2019
Page 2

63).  However, this is not an FLSA collective action and Plaintiffs have not asserted any FLSA claims, perhaps because it would be barred by the FLSA's three-year statute of limitations.  Further, the only driver whom Plaintiffs allege Diligent has settled with is Angel Santiago (Cplt. ¶¶ 64-70), who has an enforceable arbitration agreement and is pursuing his claims in arbitration.[1]  And even if the interim relief Plaintiffs seek against Diligent is warranted, which it is not, that is not a proper basis for jurisdiction as the Court may award injunctive relief against a non-party pursuant Federal Rule Civil Procedure 65(d)(2)(C).[2]  By naming Diligent as a defendant without asserting any causes of action against it, Plaintiffs artificially manufacture diversity jurisdiction where there is none.

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53 (2d Circ. 2006).  Plaintiffs invoke diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA") (Cplt, ¶ 10).  CAFA confers original federal jurisdiction over class actions involving (1) more than 100 class members; (2) an aggregate amount in controversy of at least $5,000,000; and (3) minimal diversity, *i.e.,* where at least one plaintiff and one defendant are citizens of different states.  Although Plaintiffs assert that "minimal diversity exists" (Cplt. ¶ 10), they allege no facts to support that conclusion.  Defendants Parts Authority Inc. and Parts Authority LLC are alleged to be citizens of New York, (Cplt. ¶¶ 12, 13) but Plaintiffs have omitted any reference to their own state of citizenship.[3]  As Plaintiffs allege they worked in New York (Cplt. ¶¶ 18, 19), the Court may presume they are citizens of New York, and it is Plaintiffs burden to allege or demonstrate otherwise.[4]

Even if Plaintiffs did allege or prove minimal diversity, the Court must dismiss the case under CAFA's home-state controversy exception.  That exception applies when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed."  28 U.S.C. § 1330(d)(4)(B).  The only defendants against whom Plaintiffs actually assert claims, the Parts Authority entities, are allegedly citizens of

---

[1]  On December 5, 2019, Plaintiffs filed a declaration from Miguel Grullat (Dkt. No. 21) in support of their TRO application, but he is not party to this action and is not referenced in the Complaint.

[2]  *See Ronnie Van Zandt, Inc. v. Cleopatra Records, Inc.*, 906 F. 3d 253, 257-58 (2d Cir. 2018) ("an injunction may be applied to an entity that acts 'in active concert or participation' with anyone bound by the injunction, *see* Fed. R. Civ. P. 65(d)(2)(C), and in some circumstances the All-Writs Act, 28 U.S.C. § 1651, may be used to prevent an entity from acting to interfere with an injunction").

[3]  Diligent's citizenship should be disregarded because it is a sham defendant.

[4]  Plaintiffs also summarily allege that there more than 100 members of their proposed class, but they allege no facts to support that claim.  Plaintiffs are well-aware that each of Diligent's independent owner-operators have enforceable arbitration agreements with class action waivers that preclude class actions like this one.  Thus, there is little to no likelihood that the "class" would come anywhere close to 100 members.  If Plaintiffs were ever associated with Diligent or Parts Authority, which is dubious, it could only have been as a subcontractor or employee of another independent driver who has an arbitration agreement.  This means they, too, should submit their claims to arbitration.  *See Serebryakov v. Golden Touch Transp., Inc.*, 2015 WL 1359047 at *5 (E.D.N.Y. Mar. 24, 2015) (noting, though not deciding, that an arbitration clause in an agreement pursuant to which non-signatories performed the services for which they now seek additional wages may be enforced against those non-signatories because they provided those services by virtue of that agreement).  As a result, preliminary discovery from Plaintiffs on this issue will likely reveal that their claims are subject to binding arbitration anyway.

Hon. Lorna G. Schofield
December 9, 2019
Page 3

New York.  This action was filed in New York on behalf of a purported class that worked in New York.  Just as Plaintiffs are presumed to be citizens of New York, virtually every member of their proposed "class" is likely a citizen of New York, particularly because they claim to have made local deliveries and it is not reasonably likely that drivers would cross state lines, incurring tolls and extra gas expenses, for less than the minimum wage.  *Cf. Mattera v. Clear Channel Comm., Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y. 2006) (dismissing a NYLL class action brought under CAFA because "it is reasonably likely that more than two-thirds of the putative class members of the proposed class—all of whom work in New York—are citizens of New York"); *Commisso v. PricewaterhouseCoopers LLP*, 2012 WL 3070217 (S.D.N.Y. July 27, 2012) (noting the court may "make reasonable assumptions about the makeup of the putative class" when assessing CAFA jurisdiction).

Indeed, the vast majority of independent owner-operators with whom Diligent has engaged in New York over the last three years were/are New York residents.  And virtually all of them agreed to binding submit any claims to binding arbitration on an individual bases, as Plaintiffs' counsel knows from past experience.  *See, e.g., Johnson v. Parts Authority, LLC*, 2017 WL 4402463 (E.D.N.Y. Sept. 30, 2017).  *See also Rodriguez-DePena v. Parts Authority, Inc.*, 877 F.3d 122 (2d Cir. 2017); *Burgos v. Northeast Logistics Inc.*, 2017 WL 10187756 (E.D.N.Y. Mar. 30, 2017); *Michel v. Parts Authority, Inc.*, 2016 WL 5372797 (E.D.N.Y. Sept. 26, 2016).

In light of the upcoming holidays, Defendants propose the following briefing schedule:  (i) Defendants file and serve their motion to dismiss on or before January 17, 2020; (ii) Plaintiffs file and serve their opposition papers, if any, on or before February 14, 2020; and (iii) Defendants file and serve their reply papers, if any, on or before February 28, 2020.

Further, given the jurisdictional concerns in this case, Defendants respectfully request that the initial conference scheduled for January 21, 2020, be adjourned, at least until the Court determines whether or not it has jurisdiction in this case.

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ Andrew P. Marks

Andrew P. Marks

cc:  Counsel of Record (via ECF)