USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _1/29/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVIDSON HENAO, MIGUEL MERO, DESHAWN MCLEAN, SHAWN WILLIAMS, GERALD URRUTIA, QUINN MCCLAREN, and PATRICK IMES, individually and on behalf of others similarly situated,

             Plaintiffs,

-against-

PARTS AUTHORITY, LLC, PARTS AUTHORITY, INC., YARON ROSENTHAL, NORTHEAST LOGISTICS, INC., D/B/A "DILIGENT DELIVERY SYSTEMS," ARIZONA LOGISTICS, INC. D/B/A "DILIGENT DELIVERY SYSTEMS," MICHIGAN LOGISTICS, INC. D/B/A "DILIGENT DELIVERY SYSTEMS," BBB LOGISTICS, INC. D/B/A "DILIGENT DILIVERY SYSTEMS," LARRY BROWNE, and DOES 1-20 D/B/A "DILIGENT DELIVERY SYSTEMS,"

             Defendants.

---

Case No. 19-cv-10720 (LGS)

## Agreement

Following a settlement conference with Magistrate Judge Moses in connection with the above-captioned matter, counsel for Plaintiffs and counsel for Defendants agree as follows:

1. Plaintiffs' counsel shall advise counsel for Defendants, in writing, of their representation of a prospective plaintiff ("Plaintiff") in the action by providing the following information:

   a. Plaintiff's name
   b. Plaintiff's dates of service
   c. Plaintiff's location of service;
   d. Whether services were provided through a Diligent Delivery Systems entity ("Diligent") or directly to Parts Authority, LLC or Parts Authority, Inc. ("Parts Authority"); and
   e. Whether Plaintiff was compensated by W-2, 1099, both or neither

2. Within thirty days of receiving such information, Defendants shall provide a copy of such Plaintiff's arbitration agreement or advise Plaintiff that it has either been unable to identify such Plaintiff or unable to identify an arbitration agreement signed by such Plaintiff.  Upon such notification, Plaintiff will then have thirty days to provide information or documentation of such Plaintiff having provided services to Defendant(s) (e.g., IRS W-2, 1099, paycheck, direct deposit advice).  The statute of limitations on such Plaintiff's claims will be tolled from the date Plaintiffs' counsel notifies Defendants of their representation until Parts Authority and/or Diligent provide a copy of a signed arbitration agreement or inform Plaintiffs' counsel, in writing, that they have not located an arbitration agreement.  Within thirty days of January 21, 2020, Plaintiffs shall supply such information for Plaintiffs Henao, Mero, and Williams.

3. If Parts Authority and/or Diligent provides Plaintiffs' counsel with an arbitration agreement (in the format similar to the formats previously provided by Defendants to Plaintiffs' counsel for Maurice Johnson, Susana Lucio, Renan Oliveira, or Emerson Da Silva) signed by such Plaintiff, Plaintiff shall not be included as a plaintiff or opt-in plaintiff in the action or, if such Plaintiff has already joined the action, such Plaintiff's claim will be withdrawn.  If there are legitimate concerns regarding the authenticity of the Plaintiff's signature, the parties will confer in good faith regarding such authenticity, but each party reserves their rights with respect to the arbitrability of such Plaintiff's claims.  Nothing in this stipulation prevents Plaintiffs or their counsel from globally challenging the enforceability of arbitration agreements and from proceeding in Court if a Court finds that the arbitration agreement at issue is unenforceable.

4. Counsel for Defendants shall not communicate directly with any Plaintiff.

5. A Defendant may communicate directly with any identified Plaintiff only under the following circumstances:

    a. Defendant will advise Plaintiffs' counsel in writing, via email to all Plaintiffs' counsel of record in this matter, that Defendant intends to enter direct settlement communications with Plaintiff;
    b. Plaintiffs' counsel will have at least ten business days to confer with Plaintiff and to obtain written confirmation in the form of Plaintiff's signature on Exhibit A that Plaintiff declines to engage in client to client settlement discussions;
    c. After ten days, if Plaintiff has not declined to engage in client to client settlement discussions, Defendant may contact Plaintiff for the purpose of discussing a client to client settlement;
    d. If, at any point during the course of client to client settlement discussions, Plaintiff declines to further engage in client to client settlement discussion, Defendant will not make any further direct contact;

      e. If Plaintiff does not object to engaging in client to client settlement discussions, such discussions may proceed without the involvement of attorneys.

Nothing in this stipulation shall be taken to mean that Parts Authority has engaged in communication with any represented Plaintiff or engaged in any inappropriate conduct.

_____
Jeremiah Frei-Pearson
Finkelstein, Blankenship, Frie-Pearson & Garber, LLP
445 Hamilton Avenue
White Plains, New York 10601
Counsel for Plaintiffs

_____
Andrew P. Marks
Dorf & Nelson LLP
555 Theodore Fremd Avenue
Rye, New York 10580
Counsel for: Northeast Logistics, Inc, Michigan Logistics, Inc., BBB Logistics, Inc., Arizona Logistics, Inc., Larry Brown

_____
Sharon P. Stiller
Abrams Fensterman et al.
160 Linden Oaks
Rochester, New York 14625
Counsel for Parts Authority Inc., Parts Authority LLC and Yaron Rosenthal*

* Consent on behalf of any Defendant to this Stipulation is not and shall not be deemed to constitute a waiver by any Defendant of any objection to personal jurisdiction, subject matter jurisdiction or any other defense to the claims asserted in the above-captioned action.

SO ORDERED.
Dated: January 29, 2020
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE