

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

February 6, 2020

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Plaintiffs shall file a response by February 11, 2020.  SO ORDERED.
Dated: February 7, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Henao* et al. *v. Parts Authority, LLC* et al.,  No. 19-cv-10720 (LGS)

Dear Judge Schofield:

On behalf of all defendants, we respectfully ask the Court to reconsider the request to stay discovery in view of the subsequent order permitting plaintiffs to delay filing a Second Amended Complaint ("SAC") until March 30, 2020.  The scope of the pleadings, parties, and issues remain undefined and ever-changing.  Indeed, the recently filed, Court-ordered agreement (Dkt. No. 71) requires four of the five plaintiffs added to the First Amended Complaint ("FAC") to withdraw due to their arbitration agreements, which will leave no plaintiff with standing to assert most of the state law claims alleged in the FAC.  Staying discovery is further warranted in light of the Court's questionable jurisdiction in this case.

The Court has discretion to stay discovery upon a showing of good cause.  We anticipate that defendants will seek to dismiss the anticipated SAC for the same reasons set forth in our letters concerning the legal deficiencies of its prior iterations.  (*See* Dkt. Nos. 27 and 68)  A motion to dismiss may constitute good cause for a stay of discovery.  *Lawson v. Rubin*, 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018).  *See also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Perf. Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013) (staying discovery pending motion to dismiss for lack of jurisdiction).  Courts in this circuit consider "(1) [w]hether the defendant has made a strong showing that plaintiff's claims are unmeritorious; (2) [t]he breadth of discovery and burden of responding to it; and (3) [t]he risk of unfair prejudice to the party opposing the stay."  *Lawson*, 2018 WL 4211446 at *1.  "[C]ourts may also consider the nature and complexity of the action, whether some or all of the defendants have moved to stay, the type of motion, and the posture of the litigation."  *Id*.

### A. This Court Lacks Personal And Subject Matter Jurisdiction Over Plaintiffs' Claims

This case began just before Thanksgiving, with only two plaintiffs, one substantive defendant and six claims under New York law.  (*See* Complaint, Dkt. No. 1)  Several weeks after the Court expressed concern over jurisdiction and established a case management plan (Dkt. No. 35), Plaintiffs dramatically expanded this case by filing the gargantuan, 91-page FAC that added five new plaintiffs, five new defendants, 17 new causes of action – under the laws of Arizona, Maryland, Washington, D.C., Florida, Ohio, Oregon, New Jersey and Washington, and 270 paragraphs of new

allegations.[1] However, these additions mask the same jurisdictional defects that plagued the original complaint. The Court continues to lack subject matter jurisdiction because the claims are (a) subject to arbitration; (b) untimely; (c) barred by a prior action by the U.S. Department of Labor; (d) involve foreign plaintiffs suing non-resident defendants; and/or (e) exempt from the jurisdictional provisions of the Class Action Fairness Act ("CAFA"). While one of the new plaintiffs asserts one federal law claim, that claim – by a foreign plaintiff who alleges injury in Maryland – does not belong here.

The plaintiffs concede that arbitrable claims belong in arbitration and do not deny that four of the five new plaintiffs (Urrutia, McClean, McClaren and Imes) have arbitration agreements. Therefore, these four plaintiffs cannot prosecute their claims in this venue. Plaintiffs McLaren, Williams, Imes and Urrutia's claims also suffer from a lack of personal jurisdiction as none claim to be citizens of New York or allege that they were harmed in New York by any of the five Diligent Defendants (Northeast Logistics Inc. ("NEL"), BBB Logistics Inc., Arizona Logistics Inc., Michigan Logistics Inc., and Mr. Browne). *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. __, 137 S. Ct. 1773 (2017). Plaintiff Williams' claim under the FLSA and Maryland law does not belong here either. He was allegedly injured in Maryland and the 1099 form that the plaintiffs' counsel recently tendered pursuant to the Court-ordered Agreement (Dkt. No. 71) shows that he drove for a Maryland company unrelated to any of the defendants. He was improperly joined in this action in an effort to manufacture subject matter jurisdiction for the convenience of the plaintiffs' attorneys, who are largely based in New York. This Court does not have personal jurisdiction over the foreign Diligent Defendants or Mr. Browne. Nor does Williams' improper joinder permit the original plaintiffs, Henao and Mero, to bootstrap their unrelated New York law claims in which the number of potential class members in New York substantially outweighs the numbers from Maryland and other states, thereby triggering the CAFA's home-state exemption and depriving the Court of CAFA jurisdiction.

### B. Plaintiffs Seek Broad And Burdensome Discovery

On Christmas Eve 2019, before filing the FAC, the plaintiffs emailed six sets of discovery requests. Including subparts, they propounded more than 40 interrogatories and more than 50 requests for documents to each of the three defendants. Those requests seek a broad array of information and documents, applicable not to just the then-two plaintiffs (Henao and Mero), but to *every* driver with whom *any* defendant had *any* relationship "anywhere in the country" since 2013. This includes:

- Names, dates of service, schedules, time worked, pay rate, pay, and other records applicable to each and every such driver (Interrogatories to Defendant NEL ("Interrogatory") 3-4, 10);
- All documents and/or electronic data concerning time records, pay records, deliveries (including addresses to which deliveries were made), mileage, driver reimbursements, automobile expenses, wages and/or other compensation information (Requests for Production to NEL ("RFP"), 16);
- All of the defendant's balance sheets over past three (3) years (RFP 29);
- "All advertisements of Defendants' business activities published since November 19, 2013" (RFP 45);
- "All work schedules" and "records of hours worked of Defendants' delivery drivers since November 19, 2013" (RFP 47-48);
- "All invoices involving Parts Authority and its subsidiaries" (RFP 50); and

---

[1] This expansion of the parties, geography, issues and time is also good cause for a stay. *See Lawson*, 2018 WL 4211446 at *2 (concluding there was "good cause for a stay" in light of the expanded allegations in the plaintiffs' amended complaint, which alleged the same course of conduct, but over a longer period and doubled the number of plaintiffs).

- "All documents relating to arbitrations against Defendants for violations of wage and hour laws…," specifically including those handled by the plaintiffs' counsel (RFP 53).

These broad, burdensome and objectionable discovery requests require extensive responses. This supports staying discovery, at least until the jurisdictional issues are resolved. *See Boelter v. Hearst Comm'ns*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (staying discovery, in part, because of the substantial burden on the defendant of responding to similarly broad requests, such as "all contracts with data-mining companies" and "[a]ll documents and communications concerning the purpose(s) for which [Defendant]'s Michigan subscribers [sic] [identifying information] was disclosed and/or used after disclosure").

### C. Plaintiffs Will Not Be Prejudiced By A Stay Of Discovery

Two weeks after serving their discovery demands, the plaintiffs filed the gargantuan FAC, doubling the number of parties and nearly tripling the number of claims, but without curing the core jurisdictional defects. The FAC supersedes and nullifies the original complaint. *See Scott v. Westchester Co.*, 2020 WL 364251 (S.D.N.Y. Jan. 22, 2020) (citing *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). These pre-FAC discovery demands are thus untethered to the current claims and will likely require supplementation after the plaintiffs file their SAC, just as the plaintiffs will likely need to supplement their responses to the defendants' forthcoming discovery requests if discovery is not stayed. Such inconvenience burdens both parties equally and will not prejudice the plaintiffs. *See Lawson,* 2018 WL 4211446 at *2.

Further, the plaintiffs should not be permitted to use a jurisdictionally dubious complaint as a fulcrum to force the defendants to incur the "significant" costs of responding to class-wide discovery demands, which here extend nationwide. *Maddicks v. Big City Props., LLC*, 34 N.Y.3d 116, 129-30 (2019) (dissenting op., J. Garcia, J. DiFiore and J. Feinman) (recognizing that class actions impose substantial costs on defendants and that discouraging dismissal on the pleadings promotes abuse of the class action process, citing brief for respondents in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), at 2011 WL 686407, *10–11, which noted "that precertification discovery in a federal class action included 'over 200 depositions, production of more than a million pages of documents, and electronic personnel data'"). The plaintiffs' strategy is evident from their latest delay in filing their SAC to avoid the jurisdictional motion to dismiss that the defendants have sought since this case was filed. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). Here, as in *Boelter*, "[e]ach of Defendant's proffered grounds for dismissing the action pose strictly legal questions, and Plaintiff[s] ha[ve] not demonstrated that discovery is necessary to rebut Defendant's arguments." 2016 WL 361554, at *5.

This is a complex case. The FAC names more than a dozen parties and asserts 22 claims under the laws of multiple jurisdictions. The defendants jointly request this stay now, at the outset, before unnecessary time, effort and resources are expended on extensive discovery issues that the Court need not consider and which Defendants respectfully submit the Court lacks jurisdiction to decide.

Respectfully submitted,

/s/ Andrew P. Marks

Andrew P. Marks

cc: counsel of record (via ECF)