UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
DAVIDSON HENAO, et al., for themselves and                  :
all others similarly situated,                              :
                                            Plaintiffs,     :        19 Civ. 10720 (LGS)
                                                            :
                      -against-                             :        OPINION AND ORDER
                                                            :
PARTS AUTHORITY, LLC, et al.,                               :
                                            Defendants.     :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs bring this action alleging violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the Maryland Wage and Hour Law ("MWHL"), the New Jersey Wage and Hour Law ("NJWHL"), the Ohio Minimum Fair Wage Standard Act ("OMFWSA"), Oregon's minimum wage law, Or. Rev. Stat. Ann. § 653.025 *et seq.* ("OMWL"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), the Washington Minimum Wage Act ("WMWA"), Article X of the Florida Constitution ("Article X"), the Arizona Employment Practices and Working Conditions Law ("AEPWCL") and the District of Columbia Minimum Wage Act ("DCMWA"). Defendants move to dismiss the Second Amended Complaint ("SAC") with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5). For the reasons stated below, the motion is granted in part.

## I.     BACKGROUND

The following facts are taken from the SAC and are assumed to be true for purposes of this motion.  *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

Defendants Parts Authority, LLC, Parts Authority, Inc. and Yaron Rosenthal (collectively, "Parts Authority") own and operate a chain of approximately 200 automobile part sales and distribution stores in New York, Arizona, California, Florida, Georgia, Maryland, New Jersey, Ohio, Oregon, Pennsylvania, Texas, Virginia, Washington State and Washington, D.C.  Parts Authority stores engage delivery drivers through staffing agencies such as Defendants Northeast Logistics, Inc., Arizona Logistics, Inc., BBB Logistics, Inc., Michigan Logistics, Inc. and Does 1–20 doing business as "Diligent Delivery Systems" (collectively, with CEO Larry Browne, "Diligent").  Diligent, in turn, procures delivery drivers from unnamed delivery staffing companies Does 21–40.  The delivery drivers are classified as independent contractors and use their personal vehicles to deliver auto parts to customers.

Plaintiffs were all employed as delivery drivers at Parts Authority stores as follows: Davidson Henao worked in New York for approximately eight months in 2016; Miguel Mero worked in New York for approximately six months in 2016; Rasheem Martin worked in New York for approximately seven months in 2017; Shawn Williams worked in Maryland and Washington, D.C. from 2014 to 2019 and Omobowale Avoseh worked in Maryland for approximately seven months in 2017 and 2018.

Plaintiffs, in various combinations, raise claims as putative class members under numerous federal and state labor statutes.  At the outset, the SAC alleges that Plaintiffs were misclassified as independent contractors when, in fact, they were employees of Parts Authority,

Diligent or Does 21–40, which allegedly qualify as single or joint employers under the asserted statutes.  The SAC then claims that, as employees, Plaintiffs were underpaid in two ways.  First, the SAC alleges that Defendants did not pay Plaintiffs required overtime wages.  Second, the SAC alleges that Defendants violated minimum wage laws by (1) paying Plaintiffs insufficient hourly wages and (2) requiring Plaintiffs to supply their own vehicles for delivery while failing to reimburse them for associated costs, thus effectively reducing their wages below statutory minimums.  Plaintiffs also allege that Defendants failed to pay their New York delivery drivers "spread of hours pay" as required by the NYLL and did not provide accurate wage notices and statements in violation of the NYLL.

Plaintiffs Avoseh, Martin and Williams bring FLSA claims on behalf of a putative FLSA collective.  Plaintiffs Henao, Mero and Martin bring NYLL claims on behalf of a putative New York class.  Plaintiffs Avoseh and Williams bring the MWHL claims on behalf of a putative Maryland class.  Plaintiff Williams brings the DCMWA claims on behalf of a putative Washington, D.C. class.  All five named Plaintiffs bring claims under the NJWHL, OMFWSA, OMWL, PMWA, AEPWCL, Article X and WMWA (collectively, the "Multi-State Claims") on behalf of a putative class of delivery drivers in New Jersey, Ohio, Oregon, Pennsylvania, Arizona, Florida and Washington State (the "Multi-State Class").

## II.    STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers, New York*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations."  *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

556 U.S. at 678. It is not enough for a plaintiff to allege facts that are consistent with liability;

the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*,

550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his

claim rests through factual allegations sufficient 'to raise a right to relief above the speculative

level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting

*Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

### A.   FLSA Claims

Assuming without deciding that Defendants were "employers" and Plaintiffs were

"employees" within the meaning of FLSA, the SAC fails to state a plausible claim of FLSA

overtime and minimum wage violations.[1] The SAC provides conclusory recitations of the

relevant causes of action, devoid of any factual matter sufficient to move their claims from

"conceivable" to "plausible." *Twombly*, 550 U.S. at 570.

#### i.   FLSA Overtime Claim

FLSA's overtime provision provides that "no employer shall employ any of his

employees . . . for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than

one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "To

---

[1] While Diligent and Parts Authority likely qualify as employers, and Plaintiffs as employees, under FLSA, the SAC's allegations that Diligent and Parts Authority and Does 21–40 are joint employers are wholly conclusory.

plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *accord Jamiel v. Viveros*, No. 19 Civ. 1389, 2020 WL 1847566, at *4 (S.D.N.Y. Apr. 13, 2020). A plaintiff does not state a claim for unpaid FLSA overtime when she does "not estimate her hours in any or all weeks or provide any other factual context or content," but instead alleges only that "she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation," as such pleadings merely "rephrase" FLSA § 207(a)(1). *Dejesus v. HF Mgm't Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013); *accord Heredia v. Americare, Inc.*, No. 17 Civ. 06219, 2020 WL 3961618, at *10 (S.D.N.Y. July 13, 2020).

The SAC fails to state a claim for unpaid overtime under FLSA because the SAC provides no estimate of the weekly hours of the three Plaintiffs asserting such claims -- Avoseh, Martin and Williams. Nor does the SAC provide any other "factual context or content" for those claims. *Dejesus*, 726 F.3d at 89. The SAC merely alleges that "Defendants failed and refused to pay the delivery drivers overtime wages, equal to at least one and one-half times their regular wage rates, for work performed in excess of 40 hours per week," and that "Defendants typically required the delivery drivers to work in excess of 40 hours per week, and often required them to work more than 10 hours in one day." These statements -- that Plaintiffs were not compensated for certain work -- "raise the *possibility* that Plaintiffs were undercompensated in violation of the FLSA." *Nakahata*, 723 F.3d at 201 (emphasis added). Absent more, the SAC's FLSA overtime claims amount to general allegations that Plaintiffs were not paid overtime in accordance with the statute. Such assertions lack plausibility, that is, "factual content that allows the court to

5

draw the reasonable inference that the defendant is liable for the misconduct alleged" that "raise[s] a right to relief above the speculative level." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678, *Twombly*, 550 U.S. at 555). They instead amount to a recitation of the elements of FLSA § 207(a), i.e., an unsupported statement that the Plaintiffs worked more than forty hours in a week and were not paid overtime. *See Dejesus*, 726 F.3d at 89. As such, they fail to state a claim for unpaid FLSA overtime.

Plaintiffs nonetheless claim the SAC adequately alleges their hours for their FLSA overtime claim. They note caselaw holding that a general allegation of the length of a worker's shift suffices for a court to calculate weekly work hours in excess of 40. Plaintiffs' reliance on these cases is misplaced, as they involved specific shift lengths or additional factual details beyond Plaintiffs' general allegations of undercompensated overtime. *See Shen v. John Doe Corp.*, No. 16 Civ. 2015, 2016 WL 7217850, at *5 (S.D.N.Y. Dec. 13, 2016), *report and recommendation adopted*, No. 16 Civ. 2015, 2017 WL 111746 (S.D.N.Y. Jan. 11, 2017) (plaintiffs alleged six twelve-hour shifts totaling 72 hours per week, and a flat pay rate of $1,100 per month); *Butt v. HF Mgm't Servs.*, LLC, No. 18 Civ. 7017, 2020 WL 207393, at *3 (E.D.N.Y. Jan. 14, 2020) (plaintiff scheduled to work 40 hours a week and delineated specific tasks outside of working hours); *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168 (E.D.N.Y. 2018) (plaintiffs alleged length of each daily shift and total hours worked per week); *Pichardo v. Hoyt Transportation Corp.*, No. 17 Civ. 3196, 2018 WL 2074160, at *1 (E.D.N.Y. Jan. 31, 2018) (plaintiff alleged 48 hour work weeks and specific amounts of unpaid time).

Finally, Plaintiffs rely on the SAC's allegations for Plaintiff Henao, who allegedly was required "to work from 8:00 a.m. to about 7:00 p.m. Monday through Friday and from about

8:00 a.m. to 5:00 a.m. [sic] on Saturdays, or longer hours, without breaks" without receiving overtime pay. The allegations as to Henao do not assist Plaintiffs' FLSA claims. Henao brings claims for violations of the NYLL and joins the Multi-State Claims but does not bring claims under FLSA. Plaintiffs argue the SAC's allegations as to Henao are transferrable to all other defendants, as the SAC states that "[u]pon information and belief, Defendants similarly failed and refused to pay numerous other delivery drivers at least the applicable federal or state minimum wage." Even if that allegation referenced the FLSA overtime claims rather than the minimum wage claims, which it does not, the SAC includes no factual allegations about Avoseh, Martin and Williams's own hours and pay -- facts well within their control. The SAC instead resorts to pleading generally on information and belief that these Plaintiffs were undercompensated for overtime work. While FLSA plaintiffs are not required

> to keep careful records and plead their hours with mathematical precision . . . it is
> employees' memory and experience that lead them to claim in federal court that
> they have been denied overtime in violation of the FLSA in the first place. Our
> standard requires that plaintiffs draw on those resources in providing complaints
> with sufficiently developed factual allegations.

*Dejesus*, 726 F.3d at 90; *accord Vazquez v. Wally's Deli & Grocery Corp.*, No. 19 Civ. 6797, 2020 WL 5096002, at *5 (S.D.N.Y. Aug. 28, 2020). The SAC's failure to allege hours and wages for Avoseh, Martin and Williams is not excused by its passing comparison to Henao.

### ii. FLSA Minimum Wage Claim

The SAC's allegations of unpaid FLSA minimum wages under 29 U.S.C. § 206 suffer from the same defects as its allegations of unpaid FLSA overtime. "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Serrano v. I. Hardware Distrib., Inc.*, No. 14 Civ. 2488, 2016 WL 1441469, at *2 (S.D.N.Y.

Apr. 7, 2016) (internal quotation marks and citations omitted).  Conclusory allegations that a defendant failed to pay a plaintiff for all hours worked or that a plaintiff's effective hourly wage fell below the minimum wage do not create a plausible claim.  *See Bustillos v. Acad. Bus, LLC*, No. 13 Civ. 565, 2014 WL 116012, at *2 (S.D.N.Y. Jan. 13, 2014) (citing *Lundy*, 711 F.3d at 116).

As with the FLSA overtime claims, the SAC pleads no facts to make it plausible that Avoseh, Martin and Williams were not paid minimum wages.  Instead, the SAC alleges that Defendants' pay and reimbursement policies failed "to compensate delivery drivers at the federal minimum wage" and that Defendants' refusal to reimburse their drivers for automobile expenses "diminishes these employees' wages beneath the federal minimum wage."  Absent from the SAC is any allegation regarding Avoseh, Martin and Williams' pay rates, working hours and automobile expenses, other than these conclusory statements.  *See Bustillos*, 2014 WL 116012, at *2 (holding that where plaintiff provided "no indication" that "his effective hourly wage fell below the minimum wage . . . . The Court can only speculate as to the factual basis of this claim, and it is therefore appropriately dismissed.").

Again, Plaintiffs' reliance on the SAC's allegations regarding Henao is unpersuasive, because Henao does not assert a FLSA claim. As to Avoseh, Martin and Williams -- the Plaintiffs who do allege FLSA minimum wage violations -- the SAC merely states that, "upon information and belief," Defendants failed and refused to pay other delivery drivers the applicable federal or state minimum wage, and that "all of Defendants' delivery drivers had similar experiences to those of Plaintiff Henao."  Yet Avoseh, Martin and Williams need not rely on Henao's experience, as their own personal experiences would readily furnish their hours and pay rates.  *See Dejesus*, 726 F.3d at 90; *accord Vazquez* 2020 WL 5096002, at *5. The SAC thus

8

alleges no facts nudging the overtime claims from speculative to plausible.  *See ATSI Commc'ns*, 493 F.3d at 98.

Finally, Plaintiffs cite caselaw stating there is no requirement that multiple plaintiffs in a FLSA action make individualized factual allegations.  Yet Plaintiffs' cited cases still require plaintiffs asserting FLSA claims to plead facts showing "more than a sheer possibility that a defendant has acted unlawfully."  *Perry v. City of N.Y.*, No. 13 Civ. 1015, 2013 WL 6641893, at *1, *2 (S.D.N.Y. Dec. 17, 2013) (internal quotation marks omitted) (in FLSA action involving 2,511 first responders, holding that the "arithmetic" behind the plaintiffs' alleged hours supported a FLSA violation such that individualized allegations were unnecessary); *see also Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 456–57 (E.D.N.Y. 2014) (not requiring individualized allegations where two named plaintiffs provided "detailed, nonconclusory factual allegations that, if true, would state a violation of the FLSA overtime requirements").  Because the SAC fails to state a claim of unpaid minimum wages under FLSA in the first instance, Plaintiffs' reliance on these cases is misplaced.[2]

## B.      Subject Matter Jurisdiction

"Generally, the plaintiff, as the party asserting subject matter jurisdiction, has the burden of proving that it exists by a preponderance of the evidence."  *Broidy Capital Mgm't LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019).  When "the defendant challenges the factual basis for the plaintiff's assertion of jurisdiction, '[j]urisdiction must be shown affirmatively, and that

---

[2] In further support of their minimum wage claims, Plaintiffs reference an arbitration involving a Parts Authority driver in Georgia, a similar complaint by the Department of Labor against some Defendants in the District of Arizona and complaints in Maryland, Missouri and Colorado making similar allegations on behalf of delivery drivers in other industries who were allegedly uncompensated for automotive expenses.  Plaintiffs' comparisons to these matters are unavailing, as they do not explain why the SAC's FLSA allegations meet pleading standards in this Circuit.

showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Jordan v. Verizon Corp.*, 391 F. App'x 10, 12 (2d Cir. 2010) (alteration in original) (summary order) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).  Thus, "the district court can refer to evidence outside the pleadings when resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."  *Broidy*, 944 F.3d at 441 (internal quotation marks and alterations omitted).

The SAC asserts that the FLSA claims in Counts I and II by Avoseh, Martin and Williams can be adjudicated based on federal question jurisdiction.  *See* 29 U.S.C. § 216(b), 28 U.S.C. § 1331.  For the other, state-law, causes of action in Counts III to XIII, the SAC relies on supplemental jurisdiction, *see* 28 U.S.C. § 1367, as well as minimal diversity under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. § 1332(d).

### i.  CAFA Jurisdiction

Plaintiffs have not established a factual basis for the Court to exercise CAFA jurisdiction over the state law claims.  CAFA "confer[s] federal jurisdiction over certain class actions where: (1) the proposed class contains at least 100 members (the 'numerosity requirement'); (2) minimal diversity exists between the parties, (i.e., 'where [at least one plaintiff] is a citizen of a State different from any defendant'); and (3) the aggregate amount in controversy exceeds $5,000,000."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting 28 U.S.C. § 1332(d)(2)–(6)); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 350–51 (S.D.N.Y. 2019).  A court shall not entertain a class action where "the number of members of all proposed plaintiff classes *in the aggregate* is less than 100."  28 U.S.C. § 1332(d)(5)(B) (emphasis added).

The parties do not dispute that minimal diversity exists.  The named Plaintiffs (who the SAC alleges are residents of Florida, New York and Maryland) are diverse from, at minimum, the Diligent Delivery Systems Defendants (which the SAC identifies as Texas corporations with their principal places of business in Texas).  *See* 29 U.S.C. § 1332(d)(2)(A).  The parties contest whether Plaintiffs have met their burden to plead that the classes contain 100 members in the aggregate and whether the SAC adequately alleges the amount in controversy.[3]  Plaintiffs must present facts sufficient to establish a "reasonable probability" that these elements are satisfied.  *See Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 148 (2d Cir. 2014); *accord Shulman*, 392 F. Supp. 3d at 351; *see also* 28 U.S.C. § 1332(d)(5)(B) (total number of class members across "all proposed plaintiff classes *in the aggregate*" must exceed 100 (emphasis added)).

### 1.   Numerosity of the Classes in Aggregate

Plaintiffs have not shown a reasonable probability that the proposed classes contain more than 100 members in aggregate.  For each state whose labor laws allegedly were violated, the SAC asserts that "there are more than 100 class members."  The SAC ultimately brings claims on behalf of four putative classes -- in New York, Maryland, Washington, D.C. and for the Multi-State Claims -- each of which allegedly consists of "at least hundreds of persons."  Beyond these statements, the SAC pleads no facts as to the number of individuals in the proposed classes.  While this allegation might suffice in other circumstances, *see, e.g.*, *Wurtz v. Rawlings Co., LLC*,

---

[3] Because the SAC does not otherwise establish CAFA jurisdiction, this Opinion does not address whether CAFA jurisdiction is improper under the statute's "home state" exception, which requires a court to decline jurisdiction if two-thirds or more of the aggregate plaintiff class, and the primary defendants, are citizens of the state in which the action was originally filed.  Given the geographical breadth of Defendants' alleged operations and Plaintiffs' claimed states of citizenship, this exception likely does not apply.

761 F.3d 232, 239 (2d Cir. 2014) (finding CAFA jurisdiction where complaint stated that "[p]laintiffs reasonably believe[ ] that there are hundreds of members in the proposed Class"), here it is insufficient to counter Defendants' evidence that the putative classes together consist of fewer than 100 class members.

The SAC's allegations do not carry Plaintiffs' burden in light of Defendants' evidence that all Diligent delivery drivers are required to sign arbitration agreements, thus removing them from the putative classes per the parties' stipulations.  First, Plaintiffs do not dispute Defendants' declaration, via the affidavit of its corporate manager, that Diligent has required all delivery drivers to sign arbitration agreements for the last six years.  *Cf. Broidy*, 944 F.3d at 441 (holding that a court may look beyond the pleadings, including to affidavits, in resolving motions to dismiss for lack of subject matter jurisdiction).  Nor do Plaintiffs dispute their stipulation that delivery drivers who have signed arbitration agreements with Diligent are not included in the putative classes.  Finally, Plaintiffs do not dispute Diligent's assertion that it "found no record of any of the plaintiffs in this action having performed services through, or being paid compensation by, any Diligent-related entity."  Accordingly, although the SAC alleges more than 100 class members in the aggregate -- as Defendants have engaged "hundreds" of delivery drivers in various states -- Plaintiffs do not address that the overwhelming majority of those are subject to arbitration agreements removing them from any putative class.  Plaintiffs have thus failed to show to a "reasonable probability" that the classes in aggregate total more than 100 persons.  *Cutrone*, 749 F.3d at 148.

Plaintiffs imply that because Defendants have not produced valid arbitration agreements for the named Plaintiffs, there are no widespread arbitration agreements between Diligent and its delivery drivers.  Contrary to Plaintiffs' arguments, the absence of arbitration agreements with

five named Plaintiffs, of whom Defendants have no record, does not refute Defendants' evidence of widespread arbitration agreements with other delivery drivers. Instead, Diligent provided exemplars of such agreements.[4]

### 2. Amount in Controversy

Plaintiffs have adequately alleged the amount in controversy exceeds $5,000,000. There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006); *accord Ameer v. Fleet Mech. Sys.*, No. 18 Civ. 7655, 2019 WL 1949858, at *2 (S.D.N.Y. Apr. 17, 2019). Defendants can rebut this presumption by demonstrating "to a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citing *Colavito*, 438 F.3d at 221). "[T]he legal impossibility of recovery must be so certain as virtually to negat[e] plaintiff's good faith in bringing the claim." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003); *accord Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 263 (S.D.N.Y. 2017).

Defendants have not successfully rebutted the presumption of $5,000,000 in controversy. Although Defendants note the named Plaintiffs have not calculated their own damages, thus

---

[4] Plaintiffs' remaining arguments as to numerosity of the aggregate class are that (1) their allegations of "at least hundreds of persons" in each class should be accepted as true on a motion to dismiss and (2) materials beyond the pleadings may not be considered in resolving question of subject matter jurisdiction. Plaintiffs misconstrue the relevant standard for assessing subject matter jurisdiction, which requires the party asserting jurisdiction to show by a preponderance of the evidence that jurisdiction is proper. *See Broidy*, 944 F.3d at 441. Nor is that inquiry limited to the pleadings or otherwise construed in favor of the moving party, as Plaintiffs claim. *See id.*; *APWU* 343 F.3d at 623. Rather than address the applicable standard, Plaintiffs cite inapposite cases relating to compelled arbitration.

precluding any calculation of the amount in controversy on that basis, it does not follow that $5,000,000 is a "legal impossibility."  *Scherer*, 347 F.3d 397; *see also Bigsby v. Barclays Capital Real Estate, Inc.*, 170 F. Supp. 3d 568, 579 (S.D.N.Y. 2016) ("While the plaintiffs here did not allege a specific damages amount, that is not fatal to their jurisdictional claim.").

### ii.  Supplemental Jurisdiction over the State-Law Claims

Because the federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  A district court "may decline to exercise supplemental jurisdiction over a claim" once it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *accord Krechmer v. Tantaros*, 747 Fed. App'x. 6, 10 (2d Cir. 2018) (summary order); *see also Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) ("[O]ur circuit takes a very strong position that state issues should be decided by state courts.").  This case is still in its early stages -- fact discovery is ongoing, and no dispositive motions, other than the present one, have been briefed.  As such, the exercise of supplemental jurisdiction over the state-law claims is not justified.

### C.  The Parties' Remaining Arguments

The parties contest several other issues: (1) whether the SAC adequately pleads that Defendants are "employers" and Plaintiffs are "employees" under the relevant statutes; (2) whether the SAC sufficiently pleads claims under the asserted state statutes; (3) whether certain foreign Defendants consented to personal jurisdiction and (4) whether certain Defendants were

properly served.  Because the SAC fails to state a claim under FLSA, does not adequately plead subject matter jurisdiction under CAFA, and the Court declines to exercise supplemental jurisdiction over the state-law claims, the Court is without power to address the parties' remaining arguments.  *See, e.g.*, *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618–19 (2d Cir. 2019) (holding that "a district court may not proceed to the merits without first determining whether it has subject-matter jurisdiction" and that "the district court erred by proceeding to the merits of [the] case" without satisfying itself of subject-matter jurisdiction).

### D.  Leave to Replead

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).  Leave to amend also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).  The SAC is dismissed, but Plaintiffs may seek leave to replead within twenty-one days of the date of this Opinion.  Should Plaintiffs seek leave to replead, they shall (1) file a letter motion not to exceed three pages explaining how a Third Amended Complaint ("TAC") would sustain a FLSA claim or a showing of numerosity of the aggregate classes under CAFA consistent with this Opinion and (2) append to the letter motion a draft of the proposed TAC marked to show changes from the SAC.  Within seven days of the filing of any such letter motion, Defendants shall file a letter response not to exceed three pages.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 92 and 96.

Dated: September 25, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

16