```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DAVIDSON HENAO, et al., for themselves and                    :
all others similarly situated,                                :
                                                              :
                                            Plaintiffs,       :        19 Civ. 10720 (LGS)
                                                              :
                        -against-                             :           ORDER
                                                              :
PARTS AUTHORITY, LLC, et al.,                                 :
                                            Defendants.       :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, familiarity with the background of this case is assumed.

WHEREAS, the Opinion and Order, dated September 25, 2019 (Dkt. No. 114) ("Dismissal Order"), dismissed Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim and granted Plaintiffs leave to seek to re-plead. Plaintiffs seek leave to file a proposed Third Amended Complaint ("TAC") purporting to cure the deficiencies identified in the Dismissal Order (Dkt. No. 115). Defendants oppose (Dkt. No. 116).

WHEREAS, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). "This permissive standard is consistent with [the court's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted); *accord Travelex Currency Servs., Inc. v. Puente Enterprises, Inc.*, 449 F. Supp. 3d 385, 394 (S.D.N.Y. 2020). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020). Leave also may be denied where the plaintiff "fails to specify either to the

district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

WHEREAS, the Dismissal Order rejected the SAC's FLSA allegations for Plaintiffs Avoseh, Martin and Williams, as the SAC provided no estimates of unpaid overtime or sub-minimum wages for those Plaintiffs, but instead re-stated the elements of the relevant causes of action.  Plaintiffs no longer rely on their conclusory repetition of the relevant FLSA provisions, but instead provide estimates of weekly hours worked and wages received for Plaintiffs Avoseh, Martin and Williams.  Those estimates suffice to state a claim for overtime and minimum-wage FLSA violations.  *See Dejesus v. HF Mgm't Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (noting that Plaintiffs need not "keep careful records" and plead their hours with "mathematical precision"); *accord Vazquez v. Wally's Deli & Grocery Corp.*, No. 19 Civ. 6797, 2020 WL 5096002, at *5 (S.D.N.Y. Aug. 28, 2020).

WHEREAS, the Dismissal Order rejected the SAC's claims of numerosity under CAFA because Plaintiffs did not controvert Defendants' proffered contrary evidence:  an affidavit from a corporate manager employed by Defendant Diligent stating that all drivers sign an arbitration agreement, which the parties agree exempts such drivers from the putative CAFA classes.  In support of the proposed TAC, Plaintiffs note a declaration from the same corporate manager in a similar case stating she was unable to locate any agreements with some Diligent drivers in Arizona.  Plaintiffs also offer a letter wherein an employee of Defendant Parts Authority notes that Diligent was "bringing in new people and putting them to work with no training or contracts."  Accordingly, Plaintiffs have provided sufficient factual basis to "nudge[]" their claims of CAFA numerosity "across the line from conceivable to plausible," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), in light of the generally permissive pleading standard for

CAFA numerosity, *see, e.g.*, *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014) (finding CAFA jurisdiction where complaint stated that "[p]laintiffs reasonably believe[ ] that there are hundreds of members in the proposed Class"). It is hereby

      **ORDERED** that Plaintiffs' motion for leave to re-plead is GRANTED. By **October 30, 2020**, Plaintiffs shall file their TAC.

Dated:  October 28, 2020
        New York, New York

                                                   **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**