UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVIDSON HENAO, MIGUEL MERO,
OMOBOWALE AVOSEH, RASHEEM MARTIN, and
SHAWN WILLIAMS, for themselves and all others
similarly situated,

                Plaintiffs,

        -against-

PARTS AUTHORITY, LLC, PARTS AUTHORITY,
INC., YARON ROSENTHAL, NORTHEAST
LOGISTICS, INC. d/b/a "Diligent Delivery Systems,"
ARIZONA LOGISTICS, INC. d/b/a "Diligent Delivery
Systems," BBB LOGISTICS, INC. d/b/a "Diligent
Delivery Systems," MICHIGAN LOGISTICS, INC.
d/b/a "Diligent Delivery Systems," LARRY BROWNE,
DOES 1-20 d/b/a "Diligent Delivery Systems," and
DOES 21-40,

                Defendants.

---

19-cv-10720 (LGS)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS BBB LOGISTICS, INC., ARIZONA LOGISTICS, INC. AND LARRY BROWNE

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600

*Of Counsel:*
  Andrew P. Marks
  David S. Warner

*Attorneys for Defendants*
  *Northeast Logistics, Inc., Arizona*
  *Logistics, Inc., Michigan Logistics,*
  *Inc., BBB Logistics, Inc. &*
  *Larry Browne*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.    PLAINTIFFS HAVE NOT MET THEIR BURDEN OF ESTABLISHING
        PERSONAL JURISDICTION OVER THE FOREIGN DEFENDANTS ...................... 2

        a.    Jurisdiction Cannot Be Established Through Conclusory Allegations ................... 2

        b.    The Allegations Against Browne Fail To Establish Jurisdiction Over Him .......... 5

    II.    CONCLUSORY ALLEGATIONS THAT ALI, MLI AND BROWNE ARE A
        SINGLE OR JOINT EMPLOYER ARE UNTETHERED TO PLAINTIFFS'
        EXPERIENCES AND INSUFFICIENT TO SUPPORT THEIR CLAIMS .................... 6

CONCLUSION ....................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**

*Apolinar v. R.J. 49 REST., LLC,*
  2016 WL 2903278 (S.D.N.Y. May 18, 2016) ....................................................... 8, 9

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................. 9

*Attanasio v. Comm. Health Sys., Inc.,*
  2011 WL 5008363 (M.D. Pa. Oct. 20, 2011) ........................................................ 7

*Bravo v. Established Burger One LLC,*
  2013 WL 5549495 (S.D.N.Y. Oct. 13, 2013)......................................................... 8

*Central States Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.,*
  230 F.3d 934 (7th Cir. 2000) ................................................................................. 2

*Creech v. P.J. Wichita, L.L.C.,*
  2016 WL 4702376 (D. Kan. Sept. 8, 2016)............................................................ 9

*D. Klein & Son, Inc. v. Good Decision, Inc.,*
  147 Fed. Appx. 195 (2d Cir. 2005)..................................................................... 2, 3

*Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc.,*
  2012 WL 601425 (E.D. Mich. Feb. 23, 2012) ...................................................... 3

*DiFlavis v. Choice Hotels Int'l, Inc.,*
  2019 WL 1505860 (E.D. Pa. Apr. 5, 2019) .......................................................... 7

*Domino's Pizza Inc.,*
  2018 WL 1587593 (S.D.N.Y. Mar. 27, 2018) ...................................................... 8

*Dong Chul Kim v. Harte Hanks, Inc.,*
  425 F. Supp. 3d 246 (S.D.N.Y. 2019) ................................................................... 4

*Enterprise Rent-A-Car Wage & Hour Empl. Pracs. Litig.,*
  735 F. Supp. 2d 277 (W.D. Pa. 2010)) ................................................................. 2

*Flores v. 201 West 103 Corp.,*
  256 F. Supp. 3d 433 (S.D.N.Y. 2017) ................................................................... 8

*Flynn v. R.D. Masonry, Inc.,*
  736 F. Supp. 2d 54 (D.D.C. 2010)........................................................................ 3

*Gibson-Hawley v. USA Mgmt. LLC,*
  2018 WL 4691576 (E.D.N.Y. Sept. 14, 2018) ...................................................... 6

*Hatmaker v. P.J. Ohio, LLC*,
  2019 WL 1367663 (S.D. Ohio Mar. 26, 2019) .......................................................................... 9

*Heuberger v. Smith*,
  2017 WL 3923271 (N.D. Ind. Sept. 7, 2017) .......................................................................... 9

*Huang v. Shanghai City Corp.*,
  459 F. Supp. 3d 580 (S.D.N.Y. 2020) .................................................................................. 7, 8

*Juarez v. 449 Restaurant, Inc.*,
  29 F. Supp. 3d 363 (S.D.N.Y. 2014) ...................................................................................... 8

*Licci v. Lebanese Canadian Bank, SAL*,
  673 F.3d 50 (2d Cir. 2012) ...................................................................................................... 5

*Marine Midland Bank, N.A. v. Miller*,
  664 F.2d 899 (2d Cir. 1981) .................................................................................................... 5

*Mendez v. Pure Foods Mgmt. Gr., Inc.*,
  2016 WL 183473 (D. Conn. Jan. 16, 2016).......................................................................... 2, 3

*MF Global Hldgs., Ltd.*,
  2014 WL 4054281 (S.D.N.Y. Aug. 14, 2014) ........................................................................ 6

*Morangelli v. Chemed Corp.*,
  922 F. Supp. 2d 278 (E.D.N.Y. 2013) .................................................................................... 7

*Nakahata v. New York Presbyterian Healthcare Sys. Inc.*,
  723 F.3d 192 (2d Cir. 2013) .................................................................................................... 6

*Operating Engineers Local 101 Pension Fund v. AL Muehlberger Concrete Constr.,*
  *Inc.*, 2013 WL 5409116 (D. Kan. Sept. 26, 2013) ..................................................................... 3

*Ross v. P.J. Pizza San Diego, LLC*,
  2017 WL 2123597 (S.D. Cal. May 15, 2017)......................................................................... 9

*Trustees of Hollow Metal Trust Fund v. FHA Firedoor Corp.*,
  2013 WL 1809673 (S.D.N.Y. Apr. 30, 2013) ........................................................................ 3

*Trustees of Mosaic & Terrazo Welfare Pension, Annuity, & Vacation Funds v.*
  *Continental Floors, Inc.*, 2013 WL 5637492 (E.D.N.Y. Oct. 15, 2013) ................................... 3

*Vasto v. Credico (USA) LLC*,
  2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016)......................................................................... 10

*Wm. Passalacqua Bldrs, Inc. v. Resnick Devs. South, Inc.*,
   933 F.2d 131 (2d Cir. 1991) ...................................................................................... 2

*Wolo Mfg. Corp. v. ABC Corp.*,
   348 F. Supp. 3d 176 (E.D.N.Y. 2018) ...................................................................... 5

*Xiaoyan Liu v. Canteen 82 Inc.*,
   2018 WL 6067228 (S.D.N.Y. Nov. 20, 2018) ...................................................... 2, 4

## PRELIMINARY STATEMENT

Plaintiffs oppose this motion by doubling down on their conclusory allegations, asserting they are sufficient *per se* to establish personal jurisdiction over Arizona Logistics, Inc. ("ALI"), BBB Logistics, Inc. ("BBB") and Mr. Browne ("Browne") (collectively, the "Foreign Defendants").  They put atypical theories of liability above principles of jurisdiction, and ignore constitutional due process and fundamental fairness.  Plaintiffs also cite no specific conduct by any of the Diligent Defendants – *i.e.,* ALI, BBB and Browne, as well as Northeast Logistics, Inc. ("NEL") and Michigan Logistics, Inc. ("MLI") – toward any Plaintiff in New York.

Plaintiffs spend the bulk of their opposition echoing the conclusory allegations from their Third Amended Complaint ("TAC"), none of which render their claims plausible vis-à-vis the Diligent Defendants.  Plaintiffs cling to accusations that all the Diligent Defendants were their "joint employer" alongside the Parts Authority Defendants, or were at least a "single, integrated enterprise" that employed them independent of those other defendants.  These conclusions should be disregarded as Plaintiffs allege no facts that show a connection between them and ALI, BBB or Browne.  It is not enough to merely invoke theories of liability and parrot the general elements.  Specific facts are needed to render Plaintiffs' claims plausible and the TAC contains none, at least against the Diligent Defendants.

As the TAC is Plaintiffs' *fourth* attempt to plead viable claims, the Court should dismiss ALI, BBB and Browne, if not all of the Diligent Defendants *sua sponte,* with prejudice.

## ARGUMENT

### I.  PLAINTIFFS HAVE NOT MET THEIR BURDEN OF ESTABLISHING PERSONAL JURISDICTION OVER THE FOREIGN DEFENDANTS

#### a.  Jurisdiction Cannot Be Established Through Conclusory Allegations

Plaintiffs' opposition improperly conflates threshold jurisdictional analysis with theories of liability.  "[J]urisdiction and liability are ... separate inquiries." *Central States Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000).  "[T]hat a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised." *Id.*  If a defendant lacks sufficient contacts with the forum, the lack of personal jurisdiction ends the analysis "without examining the plaintiff's causes of action." *Id.* at 944–45. *Accord Mendez v. Pure Foods Mgmt. Gr., Inc.*, 2016 WL 183473, at *4-6 (D. Conn. Jan. 16, 2016) (applying principles of agency and veil piercing to determine if the court had personal jurisdiction over foreign entities alleged to be part of a "single integrated enterprise" in an FLSA action (citing *Enterprise Rent-A-Car Wage & Hour Empl. Pracs. Litig.*, 735 F. Supp. 2d 277, 319, 326-28 (W.D. Pa. 2010)). *But see Xiaoyan Liu v. Canteen 82 Inc.*, 2018 WL 6067228 (S.D.N.Y. Nov. 20, 2018) (finding "[allegations of] joint employment may serve as a basis for personal jurisdiction in New York").

Plaintiffs try to sweep in the Foreign Defendants merely by labeling them and other Diligent Defendants a "single, integrated enterprise" controlled by Browne.  But due process requires more than that, and the cases Plaintiffs rely upon are in accord.

For example, Plaintiffs cite cases in which corporations operated as alter egos of one another in their dealings with the plaintiffs. *See, e.g., D. Klein & Son, Inc. v. Good Decision, Inc.*, 147 Fed. Appx. 195 (2d Cir. 2005); *Wm. Passalacqua Bldrs., Inc. v. Resnick Devs. South, Inc.*, 933 F.2d 131 (2d Cir. 1991).  In *D. Klein*, personal jurisdiction was satisfied based on

2

evidence adduced at trial, which justified piercing the corporate veil. *Id.* at 196-98 ("the common owners of GDI and GDL used their domination of both companies to obfuscate their separate identities in dealing with D. Klein both at the time their contractual relationship commenced and throughout their course of dealings").

Here, Plaintiffs never interacted with ALI, BBB, Browne, or the other Diligent Defendants. Their new contention that the corporate entities are alter egos of one another was not pled and is not plausible as it has no factual support. To establish alter ego liability under New York law, a party must prove "(1) that the owner exercised complete domination over the corporation *with respect to the transaction at issue* and (2) that such domination was used to commit a fraud or wrong that injured … the party seeking to pierce the veil." *D. Klein*, 147 Fed. Appx. at 197 (emphasis added; quotations and citations omitted). There are no allegations that ALI or BBB own or dominate the other Diligent Defendants, or that they or Browne exercised complete domination over any others with respect to Plaintiffs' alleged employment. Indeed, Plaintiffs allege no facts that reveal any relationship between them and the Diligent Defendants.[1]

Contrary to Plaintiff's contention, common ownership of distinct corporations is not enough *per se* to impute one corporation's contacts with the forum state to the other corporations for jurisdictional purposes. *See Mendez*, 2016 WL 183473 at *6 ("A foreign defendant's

---

[1] Plaintiffs' reliance on a litany of pension fund cases with alter ego allegations is also misplaced as none, except for one, addressed personal jurisdiction. *See, e.g., Trustees of Mosaic & Terrazo Welfare Pension, Annuity, & Vacation Funds v. Continental Floors, Inc.*, 2013 WL 5637092, at *1, 3-7 (E.D.N.Y. Oct. 15, 2013) (determining subject matter jurisdiction and the sufficiency of the alter ago allegations); *Trustees of Hollow Metal Trust Fund v. FHA Firedoor Corp.*, 2013 WL 1809673, at *4 (S.D.N.Y. Apr. 30, 2013) (considering the sufficiency of alter ego allegations); *Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc.*, 2012 WL 601425, at *1-3 (E.D. Mich. Feb. 23, 2012) (same); *Operating Engineers Local 101 Pension Fund v. AL Muehlberger Concrete Constr., Inc.*, 2013 WL 5409116, at *7-8 (D. Kan. Sept. 26, 2013) (same). The one case that did address personal jurisdiction, *Flynn v. R.D. Masonry, Inc.*, 736 F. Supp. 2d 54 (D.D.C. 2010), is distinguishable because it was brought under ERISA, which authorizes nationwide service of process, such that "the court has personal jurisdiction over the RDM defendants irrespective of whether those defendants have conducted business in the District of Columbia." *Id.* at 59.

contacts with Connecticut are only material in this jurisdictional analysis if those contacts give rise to the claims in this case.").  Here, Plaintiffs identify no contacts between ALI or BBB and New York that give rise to their claims here.

Plaintiffs fail to meaningfully distinguish *Dong Chul Kim v. Harte Hanks, Inc.*, 425 F. Supp. 3d 246 (S.D.N.Y. 2019).  There, too, the plaintiff alleged that four entities "operated as a single integrated enterprise that jointly employed him" "without distinguishing among them…." *Id.* at 252.  He, too, alleged that they shared certain resources and presented themselves to the public as a single company, arguing this was enough to bootstrap personal jurisdiction over the foreign parties.  *Id.* at 256.  The court rejected this effort to manufacture jurisdiction.[2]  Plaintiffs argue this case is different because "Henao and Mero's claims arise from their employment with Diligent *in New York*."  (Opp. Br., p. 18 (emphasis in original)), but in fact, the TAC alleges no interaction between them and any Diligent entity.

The TAC has 340 paragraphs, yet only five allege facts applicable to Henao or Mero:

| Henao | Mero |
|---|---|
| "…Plaintiff Davidson Henao was a resident of Florida.  For approximately eight months in 2016, he was employed by Defendants as a delivery driver at Parts Authority's stores located at 8940 Metropolitan Avenue, Rego Park, New York, 11374 and 211-10 Hillside Avenue, Queens Village, New York, [sic] 11427."  (TAC, ¶ 52) | "Plaintiff Miguel Mero is a resident of New York.  For approximately six months in 2016, he was employed by Defendants as a delivery driver at Parts Authority's store located at 8940 Metropolitan Avenue, Rego Park, New York, [sic] 11374." (TAC, ¶ 53) |
| "Defendants required Plaintiff Henao to work from 8:00 a.m. to about 7:00 p.m. Monday through Friday and from about 8:00 a.m. to 5:00 a.m. on Saturdays, or longer hours, without breaks, typically totaling about 64 hours per week." (TAC, ¶ 63) | "Defendants required Plaintiff Mero to work from 8:00 a.m. to 6:00pm or whenever his last delivery ended, which often ended well past 6:00pm, Monday through Saturday, without breaks, typically totaling about 66 hours per week."  (TAC, ¶ 67) |

---

[2]  Plaintiffs misplace their reliance on *Xiaoyan Liu*, 2018 WL 6067228, as the plaintiffs in that case were assigned to work for *both* the New York defendants *and* the Connecticut defendants.  *Id.* at *2. The plaintiffs also transferred supplies between those entities multiple times a week.  *Id.*  Here, Plaintiffs do not allege any transfers of personnel or supplies among the Diligent Defendants.

| | |
|---|---|
| "Plaintiff Henao averaged approximately 600 delivery miles per week for Parts Authority." (TAC, ¶ 87) | "Plaintiff Mero averaged approximately 600 miles per week for Parts Authority." (TAC, ¶ 111) |
| "Defendants paid Plaintiff Henao $450.00 per week in cash…." (TAC, ¶ 70) | "Defendants paid Plaintiff Mero approximately $400.00 per week…." (TAC, ¶ 74) |
| "Parts Authority paid Plaintiff Henao $450.00 per week…." (TAC, ¶ 86) | "Parts Authority paid Plaintiff Mero $400.00 per week…." (TAC, ¶ 110) |

Other than using the undifferentiated term "Defendants," none of these alleged facts shows any connection between Plaintiffs and ALI, BBB, Browne, or any of the other Diligent Defendants.[3]  The Court should "not draw argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (subsequent history omitted).  As Plaintiffs' conclusory allegations fail to satisfy due process and establish personal jurisdiction over the Foreign Defendants, the Court should dismiss them for lack of personal jurisdiction.

**b.  The Allegations Against Browne Fail To Establish Jurisdiction Over Him**

Plaintiffs do not deny there is no personal jurisdiction over Browne as a corporate officer or owner unless he "is [at least] a primary actor in the corporation's transaction in New York[.]" *Wolo Mfg. Corp. v. ABC Corp.*, 348 F. Supp. 3d 176, 197-98 (E.D.N.Y. 2018).  Plaintiffs claim Browne, a Texas citizen, negotiated a national contract with Parts Authority but not where he did so or how it establishes personal jurisdiction over him here in New York.  Plaintiffs also claim he authorized certain administrative, failure-to-service, and early termination fees, but none of those fees was even allegedly assessed against them.  These limited allegations are not sufficient.

The decision in *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir. 1981), is inapposite.  There, the issue was "whether and when a person acting in New York in his capacity

---

[3] The other Plaintiffs likewise cabin their fact allegations to five similar paragraphs.  *See* TAC, ¶¶ 54, 66, 73, 104-05 (Martin); *id.*, ¶¶ 55, 65, 72, 98-99 (Williams); and *id.*, ¶¶ 56, 64, 71, 92-93 (Avoseh).

as a corporate employee may be subject to jurisdiction as an individual" under New York's long-arm statute. *Id.* at 902. As Plaintiffs do not accuse Browne, the only individual at issue in this motion, of taking any actions in New York, this decision does not apply here.[4]

## II.   CONCLUSORY ALLEGATIONS THAT ALI, MLI AND BROWNE ARE A SINGLE OR JOINT EMPLOYER ARE UNTETHERED TO PLAINTIFFS' EXPERIENCES AND INSUFFICIENT TO SUPPORT THEIR CLAIMS

Plaintiffs do not identify their actual and direct employers and allege no facts that show they had a relationship with any of the Diligent Defendants. Instead, Plaintiffs indiscriminately contend they were jointly employed by all five Diligent Defendants and all three Parts Authority Defendants combined. Plaintiffs argue this is enough, despite the pronouncement in *Nakahata v. New York Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 201 (2d Cir. 2013), that identifying an "actual and direct employer is an essential element of notice pleading" for joint employment claims. They assert that in *In re MF Global Hldgs., Ltd.*, 2014 WL 4054281 (S.D.N.Y. Aug. 14, 2014), this Court "held no such pleading requirement exists when a plaintiff alleges a … 'joint employer' relationship …." (Opp. Br., pp. 15-16) However, *MF Global* distinguished *Nakahata* because *MF Global* did not involve a joint employment claim. *Id.* at *6 n.2. Moreover, the *MF Global* plaintiffs alleged specific facts that showed multiple entities operated together as a single employer. One entity issued their paychecks, W-2 forms and termination letters, while another entity administered their health benefit and 401(k) plans, while yet another entity counter-signed

---

[4] Plaintiffs also rely on *Gibson-Hawley v. USA Mgmt. LLC,* 2018 WL 4691576 (E.D.N.Y. Sept. 14, 2018), which is distinguishable. There, the magistrate judge recommended exercising personal jurisdiction over a foreign individual on a motion for default judgment. It was based largely on his failure to deny that he conducted business in New York "[t]hrough his involvement in hiring Plaintiff to work in New York, communicating with her during that employment, and controlling her employment[.]" *Id.* at *5. There are no such accusations here. Plaintiffs do not accuse Browne of hiring them, communicating with them, or doing anything that shows he controlled their alleged employment with any of the Diligent Defendants, much less the Foreign Defendants.

at least one employment agreement.  *Id.* at *5.  Here, Plaintiffs allege no facts specific to their purported relationships with ALI or BBB, or any of the other Diligent Defendants for that matter.

Plaintiffs' allegations are unlike those in *DiFlavis v. Choice Hotels Int'l, Inc.*, 2019 WL 1505860 (E.D. Pa. Apr. 5, 2019).  There, the plaintiff alleged two joint employers, not eight. The plaintiff also identified her direct employer (the franchisee) and alleged specific facts that made plausible her claim that the franchisor exercised control over her employment.  *Id.* at *5. *Accord Attanasio v. Comm. Health Sys., Inc.,* 2011 WL 5008363, at *6 (M.D. Pa. Oct. 20, 2011) ("In failing to articulate any details of the arrangement between the Plaintiffs and Defendants, the Court cannot resolve any quantum of plausibility from the Plaintiff's claims.").

Here, it is not enough for Plaintiffs to merely identify the Parts Authority stores from which they allegedly made deliveries.  Such limited facts do not support their claims that ALI, BBB or the other Diligent Defendants jointly employed them.  Plaintiffs' failure to allege facts that show they had any relationship with the Diligent Defendants renders their claims against them implausible.  *Cf. Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 592 (S.D.N.Y. 2020) (dismissing conclusory claims against entities that did not allegedly exercise functional control).

Indeed, Plaintiffs' opposition confirms that they seek to rope in ALI, BBB and Browne through boilerplate allegations that recite the "single, integrated employer" [5] and "joint employer" standards (*see* Opp. Br., pp. 8-15).  However, their failure to allege facts that

---

[5]  This theory of liability arguably "applies in 'extraordinary circumstances' where plaintiff demonstrates 'sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer.'" *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 285 (E.D.N.Y. 2013) (citations omitted), *recon. denied in part*, 2013 WL 1212790 (E.D.N.Y. Mar. 25, 2013).  "Where the single-integrated-enterprise theory applies, courts may impose liability for a violation 'not only on the nominal employer but also on another entity comprising part of the singe integrated employer.'" *Huang*, 459 F. Supp. 3d at 586 (citation omitted).

substantiate those conclusions is fatal. *See Huang*, 459 F. Supp. 3d at 590-92; *Apolinar v. R.J. 49 REST., LLC*, 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016).

The restaurant decisions Plaintiffs cite are distinguishable as nearly all of those plaintiffs alleged supporting facts based on their own experiences. *See, e.g., Flores v. 201 West 103 Corp.*, 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017) (plaintiffs "alleged that they personally transferred items between the Restaurants"); *Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 368 (S.D.N.Y. 2014) (plaintiff alleged he and others were assigned to work at the various defendant-diners and that the individual defendant hired him and managed his pay); *Bravo v. Established Burger One LLC*, 2013 WL 5549495, at *6-7 (S.D.N.Y. Oct. 13, 2013) (plaintiff alleged the defendants "moved employees and food among the[ir] restaurants" and that "several of the [p]laintiffs worked at more than one," if not all, of the defendant-restaurants). *Accord In re Domino's Pizza Inc.*, 2018 WL 1587593, at *3 (S.D.N.Y. Mar. 27, 2018) (dismissing defendants largely because the "[p]laintiffs do not allege that they worked at the Remaining Cookston Defendants, that they transferred items between those stores, or that they communicated with anyone at those stores").

Conclusory allegations and the defendants' shared use of a website is not enough. *See, e.g., Huang,* 459 F. Supp. 3d at 587 ("[T]he use of a single website or common marketing for a group of separate business[es] may establish that those businesses share a 'common purpose,' but those allegations do not establish 'an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer' sufficient to hold one corporation liable for the FLSA violations of the other corporation." (citing cases)).

Plaintiffs' argument that the Court must find the TAC sufficient because it is modeled on a template their attorneys used outside this Circuit against Papa John's pizza franchisees is both

hubristic and immaterial.  In *Creech v. P.J. Wichita, L.L.C.*, 2016 WL 4702376, at *3 (D. Kan. Sept. 8, 2016), the corporate defendants were jointly owned and operated from a single office within the district and applied common policies to all of their employees, including the plaintiff. In *Ross v. P.J. Pizza San Diego, LLC*, 2017 WL 2123597, at *2 (S.D. Cal. May 15, 2017), the court permitted the complaint with scant analysis, citing *Creech.  Hatmaker v. P.J. Ohio, LLC*, 2019 WL 1367663, at *2 (S.D. Ohio Mar. 26, 2019), involved another group of Papa John's restaurants that operated from shared offices.  Unlike each of those cases, Plaintiffs here allege no specific interactions with or oversight by *any* of the Diligent Defendants.

This case is more akin to *Heuberger v. Smith*, 2017 WL 3923271 (N.D. Ind. Sept. 7, 2017), where the court rejected the shotgun complaint because, like here, it failed to show an employment relationship with all defendants.  *Id.* at *15 ("Plaintiff makes no specific allegations against Destiny or Diamond.  Instead, he attempts to rope them in by repeatedly pleading in the collective….").  As the Supreme Court stated: "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Plaintiffs refer heavily in their claims against Browne to documents filed in an ongoing litigation against him, ALI and Parts Authority in Arizona involving acts and events that occurred there, none of which concerns any of these Plaintiffs or is otherwise relevant here. Plaintiffs' conclusory allegations that Browne had ultimate control over operations as an apex executive are insufficient, as are their allegations that he approved fees that no Plaintiff allegedly experienced.  *Cf. Apolinar*, 2016 WL 2903278 at *5 ("Again, plaintiffs' conclusory allegations— which merely plead the presence of the factors relevant to whether an individual is a joint

employer—are insufficient to plausibly show that Susan Kim was their employer for purposes of the FLSA.").

Plaintiffs' effort to distinguish *Vasto v. Credico (USA) LLC*, 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016), is unavailing as Plaintiffs allege no facts in the TAC that substantiate their argument that "Mr. Browne[] [had] direct and substantive involvement in the terms of their employment" (Opp. Br., p. 21). As in *Vasto*, "the pleadings [here] do not non-speculatively support an inference that" Browne "'possessed the power to control the workers in question.'" *Vasto*, 2016 WL 4147241 at *8.

In sum, the Court should dismiss Plaintiffs' claims against ALI, BBB, and Browne, if not against NEL and MLI, too, because Plaintiffs' general, conclusory allegations are barren of facts that connect them to any of the Diligent Defendants, rendering the claims against them implausible.

## CONCLUSION

For these reasons, the Court should dismiss ALI, BBB and Browne, and *sua sponte* NEL and BBB, with prejudice.

Dated: February 22, 2021
        Rye, New York

Respectfully submitted,

/s/ David S. Warner
Andrew P. Marks
David S. Warner

**DORF & NELSON LLP**
555 Theodore Fremd Avenue
Rye, New York 10580
(914) 381-7600
amarks@dorflaw.com
dwarner@dorflaw.com

*Attorneys for Defendants Arizona Logistics,*
*Inc., BBB Logistics, Inc., Northeast*
*Logistics, Inc., Michigan Logistics, Inc. &*
*Larry Browne*