# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600  ·  www.dorflaw.com  ·  Facsimile: 914.381.7608

April 22, 2021

**VIA ECF**

Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

**Re:** *Henao* et al. *v. Parts Authority, LLC* et al. – Case No. 19-cv-10720 (LGS) (BCM)

Dear Judge Moses:

We write on behalf of defendants Arizona Logistics, Inc. ("ALI"), BBB Logistics, Inc. ("BBB") and Larry Browne ("Mr. Browne"; collectively with ALI and BBB, "Defendants"), pursuant to Local Civil Rule 37.2, to seek the Court's assistance with resolving their outstanding discovery dispute with Plaintiffs and, if necessary, a protective order pursuant to Fed. R. Civ. P. 26(c).

By way of background, in this multi-state, multi-defendant FLSA/state wage law action, Defendants filed a motion to dismiss for failure to state a claim and lack of personal jurisdiction. By Order dated April 6, 2021, the Court granted Plaintiffs' request for "limited jurisdictional discovery as to Defendants..." to be completed by May 14 ("Order"). (Dkt. No. 152). The Court thereafter entered per the parties' agreement an Order Setting Jurisdictional Discovery Schedule, which allowed Plaintiffs to propound "discovery requests concerning limited jurisdictional discovery" to which responses are due by May 4, and which required Defendants to seek a protective order by today "if the Parties are unable to reach agreement on any issues." (Dkt. No. 154) On April 13, Plaintiffs served:

1. On BBB: 36 requests for documents, eight interrogatories, and 13 deposition topics (copies attached as Exhibits A-1 to A-3, respectively);
2. On ALI: 36 requests for documents, eight interrogatories, and 13 deposition topics (copies attached as Exhibits B-1 to B-3, respectively); and
3. On Mr. Browne: seven interrogatories.

Upon reviewing these voluminous demands, Defendants developed concerns about their vagueness, overbreadth, and the extent to which they are generally duplicative, harassing and impose undue burden and expense, particularly in light of the truncated time to respond. The undersigned counsel for Defendants conferred in good faith with Plaintiffs' counsel, Jeremiah

The Honorable Barbara Moses
April 22, 2021
Page 2

Frei-Pearson, about these concerns by telephone from 5-6 pm on April 16 and via emails with Mr. Frei-Pearson and/or Andrew White on April 20, 21 and today.  Unfortunately, the parties appear to have different understandings of the scope of *limited* jurisdictional discovery.

Limited jurisdictional discovery must be proportional to the current needs of the case.  *Greer v. Carlson*, 2020 WL 6064167, at *6 (S.D.N.Y. Oct. 14, 2020).  "[T]he party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition."  *Barbara v. MarineMax, Inc.*, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013); *Carl v. Edwards*, 2017 WL 4271443, at *3 (E.D.N.Y. Sept. 25, 2017) (stating the court has a "duty to ensure, in accordance with Rule 26(b)(1) that the discovery sought by Plaintiff—even in the limited jurisdictional context—is both relevant and proportional in light of the particular facts and circumstances of this case").  Here, the limited jurisdictional discovery permitted by the Court pertains to Plaintiffs' contention that Defendants "operate[] as a unified entity" (Order, Dkt. No. 152), thereby supposedly extending New York's specific personal jurisdiction over defendants NEL and MLI to related, foreign corporations BBB and ALI.

Plaintiffs' broad and overlapping demands are not "limited discovery."  As to their requests for documents, Plaintiffs have distilled them down to: (a) a complete copy of all documents produced by Defendants in another action pending in Arizona concerning drivers in Arizona, not New York, and which is not limited to those that delivered goods for Parts Authority on which this case is centered; (b) BBB's and ALI's articles of incorporation and organization (RFP No. 1), (b) "[d]ocuments sufficient to show the identity and address of each person or entity who has had a direct or indirect ownership interest in any Diligent Delivery Service entity, the consideration or promised for that ownership interest, and the date(s) on which the consideration was paid or promised" (RFP No. 2); and (c) "[d]ocuments sufficient to identify" Defendants' (i) "directors," (ii) "members or shareholders," (iii) "officers," (iv) "managers," (v) "supervisors," (vi) "all persons who have had control over pay or reimbursement of delivery drivers," as well as those (vii) "with control over Defendants' operations," (viii) "business records," (ix) "human resources and/or labor relations functions for any Defendants," and (x) "all persons who performed accounting or bookkeeping duties for any Defendants at any time" in the last eight years (RFP Nos. 5-10, 12-15).  This document demand remains overbroad and unnecessary as the information can be most efficiently provided via interrogatories, which Plaintiffs also propounded seeking essentially the same information.  Defendants accordingly proposed identifying in response to Plaintiffs' interrogatories (i) the identity of BBB's and ALI's owners, officers, directors, (ii) the states in which any drivers with whom they contracted were known to have performed services for Parts Authority, (iii) "persons who have the ability to direct or cause direction of the management of or policies related to delivery drivers whom" ALI or BBB provide for engagements with Parts Authority," and (iv) the vendors used by ALI or BBB to provide management, operational, administrative, consulting, accounting, financial, or cash management services" (*see* Exhibits A-2 and B-2 (Interrogatory Nos. 2 through 8)) from 2016 – when the Plaintiffs allege they first worked for Defendants – to the present.  Plaintiff have agreed to these limitations, provided that Defendants also disclose any ownership interests in the

vendors that provide the services at issue, however, they also insist that Defendants re-produce *en masse* all of the documents produced to the Department of Labor in the Arizona action.

Plaintiffs also insist deposing BBB's and ALI's corporate representatives to question them about broad, vaguely defined, and seemingly overlapping topics. Plaintiffs noticed 13 topics and withdrew two topics that overlapped with others (Topics 2 and 3). Defendants object to the following topics as unduly vague and/or duplicative of other discovery:

1. "The corporate structure of" ALI and BBB (Topic 1);
2. "Chain of command" ALI and BBB (Topic 3);
3. "Relationship and interaction between" ALI, BBB, NEL and/or MLI (Topic 6);
4. "Ownership of" ALI, BBB, NEL and/or MLI (Topic 7);
5. "Management of" ALI, BBB, NEL and/or MLI (Topic 8);
6. "Financial control of" ALI, BBB, NEL and/or MLI (Topic 9);
7. "Recordkeeping between" ALI, BBB, NEL and/or MLI (Topic 10);
8. "Human resources functions performed by" ALI, BBB, NEL and/or MLI (Topic 11); and
9. "Contracting functions performed by" ALI, BBB, NEL and/or MLI (Topic 12)[1].

Defendants are prepared to provide reasonable, limited discovery as to whether or not ALI and BBB are part of an integrated enterprise with NEL and MLI. However, Plaintiffs' sweeping approach to this discovery is not reasonable or limited. To the extent these issues cannot be resolved, Defendants request a protective order limiting this jurisdictional discovery to: (i) BBB identifying the persons/vendors sought in Interrogatory Nos. 2 through 8; (ii) ALI identifying the persons/vendors sought in Interrogatory Nos. 2 through 8; (iii) Mr. Browne responding to Plaintiffs' seven additional interrogatories; and (iv) depositions of corporate representatives of ALI and BBB on the answers to those interrogatories, if reasonably requested following receipt of Defendants' responses to those interrogatories.

For all the foregoing reasons, Defendants respectfully request an order striking Plaintiffs' documents requests, interrogatory no. 1 to BBB and ALI, and limiting the corporate representative depositions, should they be necessary, to reasonable follow-up on ALI's and BBB's answers to Interrogatory Nos. 2-8. The Court has a status conference scheduled in this matter for 10 a.m. on April 28, and Defendants hope to engage in further dialogue with Plaintiffs between now and then in an ongoing effort to resolve these discovery issues.

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ David S. Warner

cc: Counsel of record (via ECF)

---

[1] Plaintiffs clarified this to mean "all contracts of any value involving delivery drivers who drive for Parts Authority, and all other contracts exceeding $100,000 in value" but "contracts of any value involving delivery drivers" remains vague and overbroad.