# **EXHIBIT 16**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVIDSON HENAO and MIGUEL MERO, for themselves and all others similarly situated<br><br>Plaintiff,<br><br>-against-<br><br>PARTS AUTHOIRTY, LLC, PARTS AUTHORITY, INC., and NORTHEAST LOGSITICS, INC. d/b/a "Diligent,",<br><br>Defendants. | Case No. 1:19-cv-10720-LGS<br><br>RESPONSES TO INTERROGATORIES |

Pursuant to the April 6, 2021 Order of the Hon. Lorna G. Schofield granting limited jurisdictional discovery as to Defendant Larry Browne (the "Order") and Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the Civil Rules of the United States District Court for the Southern District of New York, Defendant Larry Browne, objects and responds to Plaintiff's First Set of Interrogatories, as follows:

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1.** Describe with particularity the manner in which You communicated in writing with personnel employed by or affiliated with Northeast Logistics, Inc. d/b/a Diligent Delivery Systems, Arizona Logistics Inc. d/b/a Diligent Delivery Systems, BBB Logistics, Inc. d/b/a Diligent Delivery Systems, Michigan Logistics Inc. d/b/a Diligent Delivery Systems, and any other Diligent Delivery Systems corporate entities, including but not limited to descriptions of all email or instant messaging systems.

**RESPONSE:** Defendant objects to this interrogatory as beyond the scope permitted by the Order and on the grounds that the "manner" in which Defendants communicated in writing with Diligent Delivery Systems Corporate entities is not relevant to whether Defendant is subject to personal jurisdiction in New York.

**INTERROGATORY NO. 2.** Identify all meetings, informal or otherwise, attended by You (in person or via electronic means) during which any contracts with Parts Authority were discussed.

**RESPONSE:** Defendant objects to this interrogatory as beyond the scope permitted by the Order and on the grounds that that it is so overbroad as to seek information that is not relevant to whether Defendant is subject to personal jurisdiction in New York and is disproportional to the needs of the case. Without prejudice to this objection, Defendant has no specific recollection of attending meetings, informal or otherwise, during which contracts with Parts Authority were discussed. However, as CEO of Diligent entities and as an individual defendant in litigation where Parts Authority is a co-defendant, Defendant undoubtedly attended meetings, informal or otherwise, where a contract with Parts Authority was discussed.

**INTERROGATORY No. 3.** Identify all corporate entities doing business as or affiliated with Diligent Delivery Systems for which you have an ownership interest, Your ownership share in each such entity, and the amounts of money You paid for Your ownership interest in each such entity.

**RESPONSE:** Defendant objects to this interrogatory as beyond the scope permitted by the Order and on the grounds that that it is so overbroad as to seek information that is not relevant to whether Defendant is subject to personal jurisdiction in New York and is disproportional to the needs of the case. Without prejudice to this objection, Defendant is the sole shareholder and director of all corporate entities which, to his knowledge, are doing business as Diligent Delivery Systems, including Northeast Logistics Inc. ("NEL"), Michigan Logistics, Inc. ("MLI"), Arizona Logistics Inc. ("ALI") and BBB Logistics Inc. ("BBB")

**INTERROGATORY No. 4.** For the year 2013 to present identify how much money You have received from any corporate entities doing business as or affiliated with Diligent Delivery Systems.

**RESPONSE:** Defendant objects to this interrogatory as beyond the scope permitted by the Order in that the amount of money he received from corporate entities which he acknowledges that he owns is not information that is relevant to whether Defendant is subject to personal jurisdiction in New York.

**INTERROGATORY NO. 5.** Describe with particularly the manner in which you were involved in drafting any agreements between Diligent Delivery Systems and Parts Authority, including but not limited to the Master Client Services Agreement dated on or about August 30, 2010 and the Contractor Agreement dated on or about September 27, 2017.

**RESPONSE:** Defendant objects to this interrogatory as beyond the scope permitted by the Order. Defendant further objects to this interrogatory on the ground that the 2010 Master Services Agreement with Parts Authority was drafted long prior to the limitations period of any claim asserted in this action and is not relevant to whether Defendant is presently subject to personal jurisdiction in New York. Without prejudice to this objection, Defendant does not recall being "involved in drafting" the 2010 Master Services Agreement or the Contractor Agreement dates on or about September 27, 2017. To the best of Defendant's recollection, the Contractor Agreement was drafted by lawyers for Diligent and Parts Authority and was signed by him as CEO.

**INTERROGATORY NO. 6.** Describe with particularity the manner in which you were involved in the establishment of rules, requirements, or protocols for drivers that contracted with any Diligent Delivery System entity and performed service for any Parts Authority entity or store.

**RESPONSE:** Defendant objects to this interrogatory on the ground that none of the Plaintiffs contracted with Diligent Delivery Systems and therefore the information is not relevant to whether Defendant is presently subject to personal jurisdiction in New York. Without prejudice to this objection, other than the Owner Operator Agreements used to contract with entities performing delivery driving services, which agreement addresses such issues as the party responsible for costs of providing delivery service, Defendant is not aware of any rules, requirements or protocols for drivers that contracted with any Diligent Delivery System entity.

**INTERROGATORY NO. 7.** Describe with particularity the relationship between Norlyn Enterprises and each of the following entities: (NEL, ALI, BBB and MLI).

**RESPONSE:** Norlyn Enterprises is a management company that provides "back office" services such as accounting, billing, collection, finance, legal and independent contractor resources to NEL, ALI, BBB and MLI.

Date: May 4, 2021
      New York, New York

_____
Andrew P. Marks

DORF & NELSON LLP
555 Theodore Fremd Avenue
Rye, NY 10580
212.583.9600
amarks@dorflaw.com

Attorneys for Defendants

## VERIFICATION OF RESPONSES

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS O F THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated:

_____
Larry Browne