# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

October 13, 2021

<u>**Via ECF**</u>

The Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

      Re: *Henao* et al. *v. Parts Authority, LLC* et al. – Case No. 19-cv-10720 (LGS) (BCM)

Dear Judge Moses:

We write on behalf of defendants Northeast Logistics Inc., Michigan Logistics, Inc. and Larry Browne (collectively, the "Diligent Defendants") and defendants Parts Authority, LLC, Parts Authority, Inc. and Yaron Rosenthal (collectively, the "Parts Authority Defendants," and together with the Diligent Defendants, the "Defendants") in response to Plaintiffs' motion dated October 8, 2021 (Dkt. No. 177). In that motion, Plaintiffs seek "implementation of a protocol [they proposed] for the production of electronically-stored information" (*id.*, p. 1), plus an order directing Parts Authority to run additional, global searches for ESI without limiting them to designated custodians. Defendants respectfully submit that Plaintiffs' motion should be denied.

    **1. The Court Should Deny Plaintiffs' Request to "Enter" Their Proposed ESI Protocol As There Is No Factual Basis To Warrant The Burdens It Would Impose**

"Ordinarily and traditionally, counsel is not required to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request." *Haroun v. Thoughtworks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (quotations and citations omitted). In *Haroun*, the plaintiff sought an order directing the defendants to identify, *inter alia*, all sources of ESI and explain their search efforts so he could determine the adequacy of those efforts. However, the defendants had already disclosed the sources they searched and the plaintiff identified no "gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests." *Id*. at *1-2. The Court denied the motion because there was no factual basis to reject the sufficiency of the defendants' efforts. *Id.* at *2.

The same result is required here. Plaintiffs bombarded Defendants with roughly 200 document requests and do not deny that Defendants timely responded to those requests months ago. Nor do Plaintiffs challenge the sufficiency of Defendants' responses. Instead, with fact discovery scheduled to close in approximately four months (February 2022), Plaintiffs seek an order imposing cryptic requirements "regarding search methodology, data integrity, and validation" because their counsel has unspecified "concerns" about Parts Authority's production in one of

The Honorable Barbara Moses
October 13, 2021
Page 2

many arbitrations he has brought against it (*see* Dkt. No. 177, pp. 3-4).[1] Plaintiffs' purported "concerns" are unsupported by any facts applicable to this action. As such, their concerns are purely speculative. For this reason alone, the Court should deny their request, as in *Haroun*.

Despite the lack of a factual foundation for Plaintiffs' motion, and despite their own failure to produce documents that substantiate their claim that they were employed by Defendants,[2] Defendants proposed an ESI protocol that actually sets specific collection parameters. Unlike Plaintiffs' 14-page, single-spaced proposal, which contains few meaningful terms, Defendants' proposal specifies the sources of ESI to be searched, which custodians' emails will be searched (and over what time period), and what searches will be run within those to collect ESI for additional review (*see* Dkt. No. 177-3, pp. 2-5). Plaintiffs make no effort to explain their objection to Defendants' proposal. Instead, they cling to their own proposal even though it fails, unlike Defendants' proposal, to address the requirements in Judge Schofield's Individual Rules for Civil Cases ("Rules"), specifically section II.A.1, which establishes parties' default obligations for electronic discovery.[3]

### 2. The Court Should Deny Plaintiffs' Demand That Parts Authority Search For Emails "Across the G Suite," Untethered To Any Particular Custodians

Plaintiffs did not propose any search terms or custodians until August 27, 2021. When they did, they asked Defendants to search the emails of well over 30 custodians (*see* Exhibit A), some of whom were unnamed, as well as Parts Authority's entire "g suite," which contains emails/files from thousands of custodians. They made this broad request despite having already obtained testimony from Parts Authority's corporate representative that such broad searches are burdensome and tend to crash the system (*see* Exhibit B). As running searches without regard to any particular custodians is unduly expansive and burdensome, Plaintiffs were promptly asked to propose up to ten custodians, consistent with Judge Schofield's Rules. They have failed to do so even though they have long possessed the names of potentially relevant individuals. In addition to persons with whom Plaintiffs supposedly interacted or otherwise know of, the Diligent and Parts Authority Defendants identified, more than 12 and 10 months ago, respectively, the applicable members of management in the geographic areas in which Plaintiffs claim they worked.

---

[1] The Court should ignore Plaintiffs' effort to impugn the integrity of Parts Authority's ESI. They have provided no evidence substantiating that accusation and merely cherry pick language from an unrelated arbitration award without providing context. As stated above, Plaintiffs have not shown any deficiencies in Parts Authority's search methods or disclosures. Nor have Plaintiffs shown any such deficiencies in those of the Diligent Defendants, yet they try to impugn them, too, by summarily accusing another, related entity of having "engaged in obstructive discovery strategies" in another action in Arizona unrelated to this one.

[2] For example, virtually none of the seven plaintiffs and opt-ins has produced their tax returns or other documents that show that any of them were paid by any of the Defendants.

[3] This subsection states, in pertinent part: "Absent an order of the Court upon a showing of good cause or stipulation by the parties," a party from whom ESI is sought "shall not be required to search for responsive ESI: (a) From more than 10 key custodians; (b) That was created more than five years before the filing of the lawsuit; (c) From sources that are not reasonably accessible without undue burden or cost; or (d) For more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies) and reviewing that ESI for responsiveness, confidentiality and for privilege or work product protection."

The Honorable Barbara Moses
October 13, 2021
Page 3

Defendants subsequently advised Plaintiffs during recent conferrals that their proposed searches (46 demanded of Diligent and 33 demanded of Parts Authority [*see* Exhibit C]) yielded unreasonably high volumes (*see, e.g.,* Dkt. No. 177-10). Plaintiffs do not deny receipt of the hit yields. Nor do they deny that the hit yields were too high. They declined to narrow application of their proposed searches to certain, specified custodians only, even after being advised that some of their sweeping searches crashed Parts Authority's search system when run company-wide. Instead, Plaintiffs seek an order directing Parts Authority to run more searches company-wide, across the entire "g suite," without limiting it to ten custodians, as required by Judge Schofield's Rules. This demand is unduly burdensome and disproportionate to the needs of this case, which the Parts Authority Defendants can more fully demonstrate should the Court require it.

In short, while Plaintiffs have not made reasonable efforts for well over a year to locate responsive documents relevant to their claims, such as their own tax returns, they insist that Defendants continue to incur the exorbitant costs associated with collecting, storing, searching and reviewing phantom ESI.[4] As Plaintiffs have not provided a factual basis to warrant imposing their ESI protocol on the defendants or demonstrated good cause on which to justify deviating from Judge Schofield's Rules, the Court should deny Plaintiffs' motion in its entirety. *Cf. Haroun*, 2020 WL 6828490 at *2 (denying the plaintiff's motion for discovery on discovery because he did "not identify any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests").

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ David S. Warner

DSW/mw
Attachments (Exhibits A to C)

cc:  Counsel of record (via ECF)

---

[4] Contrary to Plaintiffs' contention, they have not actively sought electronic discovery for "well over a year." By way of background, Defendants disclosed in February 2021 the types of potentially relevant information they have stored electronically and the extent to which such information is readily accessible. Nevertheless, Plaintiffs plowed ahead with depositions of two corporate representatives on related, vaguely-framed topics three months later. It was not until roughly six weeks ago that Plaintiffs first proposed any search terms and/or custodians for the corporate Defendants to collect ESI for additional review purposes. Since then, Defendants have conferred repeatedly with Plaintiffs in an effort to reach agreement on the scope of an appropriate collection, to no avail.