# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVIDSON HENAO, MIGUEL MERO, OBOMOWALE AVOSEH, RASHEEM MARTIN, and SHAWN WILLIAMS, for themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    -against-<br><br>PARTS AUTHORITY, LLC, PARTS AUTHORITY, INC., YARON ROSENTHAL, and NORTHEAST LOGISTICS, INC., d/b/a "DILIGENT DELIVERY SYSTEMS," MICHIGAN LOGISTICS, INC., d/b/a "DILIGENT DELIVERY SYSTEMS," and LARRY BROWNE,<br><br>                Defendants. | 19-cv-10720 (LGS) (BCM)<br><br><br>**PROPOSED ESI PLAN AND ORDER** |

Plaintiffs Davidson Henao, Miguel Mero, Obomowale Avoseh, Rasheem Martin and Shawn Williams (collectively, "Plaintiffs") and Defendants Parts Authority, LLC, Parts Authority, Inc. and Yaron Rosenthal (collectively, "Parts Authority Defendants") and Northeast Logistics, Inc., Michigan Logistics, Inc. and Larry Browne (collectively, "Diligent Defendants") hereby stipulate that the following ESI Plan and [Proposed] Order shall govern the collection and production of electronically stored information and documents in this action. By submitting this Plan, none of the parties waives or shall be estopped from asserting any claim or defense or from offering any evidence or advancing any theory at any hearing or trial.

1. **Description of Claims.**

Plaintiffs claim that Defendants misclassified them and similarly situated persons as independent contractors and failed to pay them overtime pay pursuant to, and ensure they received the minimum wage provided in, the Fair Labor Standards Act and the laws of New York, Maryland and the District of Columbia.

{DN/536/9777/00181164;3 }

1

**A.     Plaintiff's Estimated Monetary Damages and Other Relief Sought.**

Plaintiffs seek compensatory and liquidated damages, as well as attorneys' fees and costs, and pre-judgment and post-judgment interest.  Although they calculate their individual damages to be less than $10,000 each, they allege that the amount in controversy, which includes both their individually estimated monetary damages and the estimated damages of all putative class members, exceeds $5,000,000.

**2.  Potential Sources of Electronically Stored Information (ESI) and Custodians**

    **A.     Source(s) of ESI.**  The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information:

        i.  <u>From Plaintiffs</u>:  Plaintiffs' and their agents and representatives' (including their tax preparers) computers, phones, email and social media accounts.

        ii. <u>From the Diligent Defendants</u>:  The Diligent Defendants' DMS, DocuWare and 1099 Express databases, reasonably accessible emails stored in their server, and the shared drives used by the applicable members of the Independent Contractor Resources team.

        iii. <u>From the Parts Authority Defendants</u>:  The Parts Authority Defendants' DocuXplorer, G-Suite, MYSQL, OTS log, and REPs databases.

    **B.     Custodians/Databases.**  The parties have agreed to review data from their following, respective custodians:

        i.  <u>Plaintiffs' document custodians</u>:  Davidson Henao, Miguel Mero, Obomowale Avoseh, Rasheem Martin, Shawn Williams, Martin Williams, Jr., Ralph Brea, and any other plaintiffs or opt-ins to the

        action, as well as their individual tax preparers.

    ii. <u>Diligent Defendants' document custodians</u>:  Alex Quiro, Jerry Curcio, Camille Harvey, and Larry Browne.

    iii. <u>Parts Authority Defendants' document custodians</u>:  Arvindra Bissessar, John E. Carmen, James Dicintio, Kevin Hill, Pedro J. Leyton, Ryan Prasad, Yaron Rosenthal, Richard Singh, and Joseph A. Timon.

### 3. Search and Review

    **A.** **Keyword Searches.**[1]  In accordance with Judge Schofield's Individual Rules, § II.A.1(b), the parties have agreed to use the following keyword searches for search and review of electronically stored information generated between November 19, 2014, and November 19, 2019, when the Complaint was filed:

    i. <u>Diligent Defendants</u>:

        a. Miguel w/2 Mero

        b. Davidson w/2 Henao

        c. 4Shawn w/2 Williams

        d. Omobolawe w/2 Avoseh

        e. Rasheem w/2 Martin

        f. Ralph w/2 Brea

        g. Martin w/2 Williams

        h. Rosenthal OR Yaron

        i. (Policy OR Policies) AND (*@partsauthority.com OR parts OR PA

---

[1] The Parts Authority and Diligent Defendants reserve the right to withdraw or modify these proposed searches based upon the number of hits yielded within all of the required custodians' email boxes and/or other appropriate factors.

        OR P.A.) AND (Rego Park OR Queens Village OR Bellport OR Queens OR Suffolk)

    j. Rule* AND (*@partsauthority.com OR parts OR PA OR P.A.) AND (Rego Park OR Queens Village OR Bellport OR Queens OR Suffolk)

    k. Guideline* AND (*@partsauthority.com OR parts OR PA OR P.A.) AND (Rego Park OR Queens Village OR Bellport OR Queens OR Suffolk)

    l. (Policy OR Policies) AND (*@partsauthority.com OR parts OR PA OR P.A.) AND (Berwyn Heights OR Crofton OR Rockville OR College Park OR Hyattsville OR Laurel OR Gaithersburg OR Hanover OR Minnesota Avenue OR Chillum Place)

    m. Rule* AND (*@partsauthority.com OR parts OR PA OR P.A.) AND (Berwyn Heights OR Crofton OR Rockville OR College Park OR Hyattsville OR Laurel OR Gaithersburg OR Hanover OR Minnesota Avenue OR Chillum Place)

    n. Guideline* AND (*@partsauthority.com OR parts OR PA OR P.A.) AND (Berwyn Heights OR Crofton OR Rockville OR College Park OR Hyattsville OR Laurel OR Gaithersburg OR Hanover OR Minnesota Avenue OR Chillum Place)

  ii. <u>Parts Authority Defendants</u>:

    a. Miguel w/2 Mero

    b. Davidson w/2 Henao

      c.  Shawn w/2 Williams

      d.  Omobolawe w/2 Avoseh

      e.  Rasheem w/2 Martin

      f.  Ralph w/2 Brea

      g.  Martin w/2 Williams

**B.**    **Production**

    **i.**    **Limitations on Production.**  The parties shall comply with § II.A.1(a) through (d) of Judge Schofield's Individual Rules.

    **ii.**    **Form(s) of Production.**

    (a)    <u>Form</u>:  The parties shall produce emails as .TIFF or .PDF images and audio/video files, Excel spreadsheets and PowerPoint presentations in their native, read-only form.  If the receiving party, for good cause explained in the request, seeks production in native format of specifically identified ESI that was produced originally in .PDF or .TIFF form, the producing party shall confer with the receiving party reasonably and in good faith about the request.  Nothing herein shall prevent the parties from agreeing upon an alternative method for producing data from databases.

    (b)    <u>Bates Stamping</u>:  The Producing Party will Bates stamp all ESI and hardcopy documents, excluding native files (i.e., audio/video files (if any), Excel spreadsheets, and PowerPoint presentations) by electronically "burning" onto each image a legible, unique Bates number that includes an alpha prefix along with a fixed number.  The Bates numbers should maintain a constant length across the entire document production.  Each Producing Party will have its own Bates-stamp numbering.  Unless it would obscure, conceal or interfere with any information appearing on the document, the number should appear on the lower right-hand

corner of each page of the document and will disclose the appropriate confidentiality level, if any, pursuant to the Court's confidentiality order.  If the Receiving Party subsequently generates any copies of confidential electronically stored information produced in native format, the Receiving Party shall ensure that all such copies are clearly designated with the appropriate confidentiality designation.

While the Parties do not waive their objections or right to object to the production of native information, if a document is produced in native format, a single-page Bates stamped TIFF image slip-sheet containing the confidential designation and text stating that the document has been produced in native format should also be provided.  Each native file should be named according to the Bates number it has been assigned.  To the extent that either party believes that native files should be produced for a specific document or class of documents not required to be produced in native format pursuant to this paragraph or to the extent records do not easily conform to native, TIFF or PDF form, the parties will meet and confer in good faith.

(c) <u>No Designation of Discovery Requests</u>:  Productions need not include indication of the document request(s) to which a document may be responsive, absent a specific request from the Receiving Party based on a reasonable need for such identifications.

(d) <u>Email Threading</u>:  In producing emails, the producing party will employ email threading to eliminate earlier or incomplete chains of emails yielded within that search and produce only the most complete iteration of an email chain.  As used herein, email thread suppression means reducing duplicative production of email threads by producing the most recent email containing the thread of emails and excluding emails constituting exact duplicates of emails within the produced string.

(e) <u>Avoidance of Duplicate Production</u>:  The producing party need only produce a single copy of responsive and relevant duplicate ESI.  A producing party shall take reasonable steps to de-duplicate ESI.  De-duplication shall not break apart families and shall be performed at a family level for each search.

**iii. Privileged Material.**

(a) <u>Identification</u>:  The parties have agreed to categorical exclusion of communications protected by the attorney-client or any other privilege as well as documents protected by the attorney work product doctrine or otherwise prepared in anticipation of litigation, which need not be logged.

(b) <u>Inadvertent Production / Claw-Back Agreements</u>:  The parties shall comply with the applicable inadvertent production and claw back terms of the Court's Order dated August 20, 2020.

**iv. Cost of Production.**  The parties have analyzed their respective clients' data repositories and have estimated the costs associated with the review and production of electronically stored information.  The factors and components underlying these costs are estimated as follows:

(a) <u>Costs</u>.

Diligent Defendant(s): **[TBD]**

Parts Authority Defendant(s): **[TBD]**

(b) <u>Cost Allocation</u>.  The parties [**have/have not**] reached agreement on cost-shifting or cost-sharing.

The preceding constitutes the agreement(s) reached between the parties on the above matters concerning electronic discovery as of this date.

| Dated: _____, 2021<br>　　　White Plains, New York<br><br>_____<br>Jeremiah Frei-Pearson<br><br>**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**<br>One North Broadway, Suite 900<br>White Plains, NY 10601<br>Telephone: (914) 298-3281<br>Jfrei-pearson@fbfglaw.com<br><br>*Attorneys for Plaintiffs* | Dated: _____, 2021<br>　　　Rye, New York<br><br>_____<br>David S. Warner<br><br>**DORF & NELSON LLP**<br>555 Theodore Fremd Avenue<br>Rye, NY 10533<br>Telephone: (914) 381-7600<br>dwarner@dorflaw.com<br><br>*Attorneys for the Diligent Defendants* |
| --- | --- |
|  | Dated: _____, 2021<br>　　　Rochester, New York<br><br><br>_____<br>Sharon Stiller<br><br>**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**<br>160 Linden Oaks, Suite E<br>Rochester, New York 14625<br>Telephone: (585) 218-9999<br>sstiller@abramslaw.com<br><br>*Attorneys for the Parts Authority Defendants* |

Dated: _____, 2021　　**SO ORDERED.**
　　　New York, New York

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**Barbara C. Moses**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**