# EXHIBIT 5

| | |
|---|---|
| **From:** | Jeremiah Frei-Pearson |
| **Sent:** | Tuesday, September 21, 2021 7:05 PM |
| **To:** | David Warner; Mark Potashnick; Andrew White; Amanda Chan |
| **Cc:** | Andrew Marks; John Buzzard; Sharon Stiller; Alexander Fantauzzo |
| **Subject:** | RE: Topics for next week's meet and confer |

Counsel,

Thank you for conferring with us yesterday, September 20, 2021.  In advance of tomorrow's conferral, below is a summary of yesterday's meet and confer:

## Communications with Court re: Recently-Filed Dismissals

Defendants stated that Latonya Sims, Louis Bolden, and Phillip Brown have not submitted signed agreements to defense counsel.  Defense counsel requested that the Plaintiffs clarify when these clients worked for Defendants so as to evaluate their FLSA claims.  The parties agreed that opt-in plaintiffs who drove within statutory period likely still have to comply with *Cheeks*. Counsel for Plaintiffs agreed to investigate and draft a letter to Judge Schofield, where defense counsel would review before Plaintiffs file.

## Deposition Dates

The parties also discussed deposition dates for the named plaintiffs and agreed upon the following dates:

- Martin Williams – October 7.
- Omobowale Avoseh – October 12.
- Shawn Williams – October 21.
- Ralph Brea – October 27.
- Davidson Henao – November 2 (presuming that Election Day does not pose problems with this date)
- Miguel Mero – November 3.
- Rasheem Martin – TBD, but either November 8, 9, 10, 17, or 30.

## Tax Returns

Plaintiffs have one tax return for Shawn Williams and intend to produce it this week.  Plaintiffs have requested tax return from other clients, but are still waiting for the results of their requests.

## ESI Protocol

Diligent requested clarification as to why an ESI protocol is necessary.  Diligent does not understand the purpose that it serves at this point.  I explained that Plaintiffs need something governing the search of ESI, especially given Defendant's prior experience producing discovery documents in related arbitrations.  Plaintiffs feel it is very necessary to have an agreed upon document governing the production of discovery.

If defense counsel does not agree that an ESI protocol is necessary, Plaintiff's position that both parties should submit competing letters to the court.  Plaintiffs remain willing to confer further about the ESI protocol, but firmly believe such a protocol is necessary and substantive to govern production.  Diligent

believes such an ESI protocol should be based more on what is being searched, what search terms are being applied, and data integrity. David believes the protocol in its current form is unnecessary. Drew stated that to the extent the parties can reach an agreement on databases, searches, and temporal parameters, that would make more sense. Plaintiffs respond that we are happy to agree on databases, searches and parameters, but we have been conferring about ESI since November 2020 and there should not be further delay in entering a protocol..

## Custodians

Plaintiffs request names of those on Diligent's Independent Contractor Resources team ("ICR"). David provided the following: Allina Hicks, Gina Myers, Denise Gomez, Camille Harvey. David stated there are other people, but they don't perform any work relevant to MLI, NEL, or Parts Authority. Plaintiffs questioned whether those names are the only ones in the ICR who do work with Parts Authority delivery drivers. Drew stated the work is not divided in that manner. The work is divided geographically and by entity, rather than by clients within a geographic area. Plaintiffs requested names of all the people who work in ICR in regions where Parts Authority operates. David stated that he does not know where Parts Authority operates, but limits the response to NEL and MLI, which includes people who are in the ICR group that would have touched something related to Parts Authority drivers through NEL. Plaintiffs requested information on the identity of people on the ICR team whose work involves Parts Authority drivers.

Plaintiffs then cited to David all states where Parts Authority operate and reiterated Plaintiffs' request for names of individuals in the ICR who communicated with Parts Authority or worked with Parts Authority drivers. Diligent argued that it would only identify people for the states where certain Diligent entities worked.

Moreover, I explained that Plaintiffs request the names of anyone who is on the ICR that communicates with Parts Authority drivers anywhere. Drew in concerned that Plaintiffs are proposing a new breadth to discovery at a late date. Drew believes that Plaintiffs are referencing states that are not referenced in the complaint. Drew stated that this request does not seem remotely proportional to a suitable scope of discovery. Plaintiffs state that this remains a putative nationwide class and collective. Andrew responded that the class is not nationwide, it's based on a number of states. Plaintiffs clarify that we request names of people in the ICR group who did work relating to Parts Authority anywhere in the county and have always requested such information. Plaintiffs questions whether Defendants will provide this breadth of information or limited to NEL and MLI. Drew responded that it will be limited to NEL and MLI. Drew confirmed that the four provided names include the period of 2016 to early 2021. Plaintiffs request an update of that list to the present moment.

Plaintiffs requested clarification as to the region of operation for each of the four named custodians. Drew stated that Camille Harvey oversees the team, but is not sure regarding the specific geographic scope. Drew stated that Alina Hicks, Gina Myer, and Denise Gomez cover the geographic area issues in the case within NEL. The geographic area that NEL operates within are New York, New Jersey, Washington, D.C., and Maryland. Notably, this area does not cover the nationwide collective.

## Topics for Future Meeting

Drew states the parties need to settle on who the custodians are going to be. The parties need to confer regarding search terms, proposed and yielding. Drew stated that Plaintiffs requested four boxes but Drew states that three boxes alone yield 173k documents. These hits were from three custodians: Alex

Quiro, Jerry Curcio, and Camille Harvey.  Plaintiffs request chart showing the number of documents that were hit in response to specific searches such that the parties could confer with more details.  Plaintiffs also believe the parties may need the court's assistance regarding the geographic region.

The parties agree to next confer at Wednesday, September 22 at 11:00 a.m.

Jeremiah Frei-Pearson
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: 914-298-3284 | Fax: 914-908-6722

---

**From:** David Warner <dwarner@dorflaw.com>
**Sent:** Monday, September 20, 2021 7:24 PM
**To:** Jeremiah Frei-Pearson <jfrei-pearson@FBFGLaw.com>; Mark Potashnick <markp@wp-attorneys.com>; Andrew White <awhite@fbfglaw.com>; Amanda Chan <AChan@FBFGLaw.com>
**Cc:** Andrew Marks <amarks@dorflaw.com>; John Buzzard <jbuzzard@dorflaw.com>; Sharon Stiller <sstiller@abramslaw.com>; Alexander Fantauzzo <AFantauzzo@abramslaw.com>
**Subject:** RE: Topics for next week's meet and confer

Jeremiah et al. –

As you will see from the attached, we ran the 46 searches you proposed on 8/27 in three of the four email boxes you identified on 9/9 and they yielded more than 173,000 hits.  That is far too many searches and hits.

Also, this will confirm the following deposition schedule that we all agreed upon during today's call:

- Martin Williams, Jr. – October 7
- Omobowale Avoseh – October 12
- Shawn Williams – October 21
- Ralph Brea – October 27
- Davidson Henao – November 2
- Miguel Mero – November 3
- Rasheem Martin – November 17 or 30 [date to be confirmed by RM]

Regards,

David

**David S. Warner**
**Dorf & Nelson LLP**
The International Corporate Center
555 Theodore Fremd Avenue, Rye, NY 10580

Tel:  914 381 7600 | Direct:  914 607 5915
dwarner@dorflaw.com | www.dorflaw.com

------------------------------------------------
This email may contain CONFIDENTIAL and PRIVILEGED material for the sole use of the intended recipient(s). Any review, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message. Please check this email (and any attachments) for viruses as the sender will not accept liability for any damage caused by a virus transmitted with it.  Thank you.