# EXHIBIT 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVIDSON HENAO, MIGUEL MERO, OMOBOWALE AVOSEH, RASHEEM MARTIN, and SHAWN WILLIAMS,** for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**PARTS AUTHORITY, LLC, PARTS AUTHORITY, INC., YARON ROSENTHAL, NORTHEAST LOGISTICS, INC.** d/b/a "Diligent Delivery Systems," **ARIZONA LOGISTICS, INC.** d/b/a "Diligent Delivery Systems," **BBB LOGISTICS, INC.** d/b/a "Diligent Delivery Systems," **MICHIGAN LOGISTICS, INC.** d/b/a "Diligent Delivery Systems," **LARRY BROWNE, DOES 1-20** d/b/a "Diligent Delivery Systems," **and DOES 21-40**,<br><br>Defendants. | Case No. 1:19-cv-10720-LGS |

**DECLARATION OF ALVIN J. FLOWERS, JR.**

**ALVIN J. FLOWERS, JR.**, an attorney duly admitted to practice before the courts of the State of New York, affirms the following to be true under penalty of perjury:

1. I am a resident of New York in Queens county, New York.

2. I am a Partner and the Technology Director at Meta-E Discovery LLC and have held this position since its founding in June 2015. I have been in the Information Technology and Litigation Support industries for twenty years in a variety of roles, including Director of Information Technology for a law firm.

3.	I have overseen and participated in the forensic collection of Electronically Stored Information and have also developed cost effective processes for the collection and authentication of active Electronically Stored Information ("ESI") in matters where forensic collection may be overly burdensome.  I have also developed and implemented information security policies that allowed Meta-e to become an ISO27001 certified vendor.

4.	Over the course of my career, I have designed, supervised, and participated in the technical collection, processing, hosting, and production aspects of the electronic discovery process for hundreds of matters.  In addition, I have provided expertise to clients on information security and data authenticity.

5.	The purpose of limiting ESI searches to specific custodians is to reduce strain on systems where the number of custodians being searched has an appreciable impact on the system's performance.  The Google Vault program, which is a part of the G-Suite / Google Workspace[1] suite of programs for businesses, is not significantly impacted by including more custodians in its searches.

6.	I am aware that the Google Vault program allows a company to perform organization-wide searches of all emails it archives or hosts on Google Mail, without the need to search by individual users or custodians.

7.	I am also aware that running search terms on Google Vault involves little burden other than inputting the search terms into a computer and waiting for the results.  Search terms can be run on one computer.  Although that individual computer may be unavailable for other projects while a search is conducted, a company can still use Google Vault and all other programs on all

---

[1] Google rebranded its G-Suite package of electronic tools as Google Workspace in approximately October of 2020.

other computers during the time the search is conducted. Thus, the minimal burden associated with running search terms on Google Vault is simply that one computer is unavailable during the time the searches are run. This burden is not appreciably reduced by the use or non-use of custodians (which only affects the length of time that one computer is inaccessible).

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: October 8, 2021
      Woodside, NY

                                                                           Alvin J. Flowers, Jr.

3