# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

October 18, 2021

**Via ECF**

The Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

    Re:  *Henao* et al. *v. Parts Authority, LLC* et al. – Case No. 19-cv-10720 (LGS) (BCM)

Dear Judge Moses:

We write on behalf of defendants Northeast Logistics Inc., Michigan Logistics, Inc. and Larry Browne (collectively, the "Diligent Defendants") and defendants Parts Authority, LLC, Parts Authority, Inc. and Yaron Rosenthal (collectively, the "Parts Authority Defendants," and together with the Diligent Defendants, the "Defendants") in response to Plaintiffs' revamped motion dated October 14, 2021 (Dkt. No. 180).  Plaintiffs seek "implementation of a protocol [they proposed] for the production of electronically-stored information" (*id.*, p. 1), plus an order directing Parts Authority to run additional, global searches for ESI across its entire G Suite platform without limit to any particular, individual custodians.  The request to implement their protocol is an unwarranted attempt to delay completion of discovery based on Plaintiffs' speculation that Defendants overlooked phantom documents.  The insistence on global searches is an unbridled attempt to make Parts Authority go fishing again, after prior expeditions proved unsuccessful, without focusing searches to specified custodians, as required by Judge Schofield's Individual Rules in Civil Cases.  For these and the reasons below, Defendants respectfully submit that Plaintiffs' motion should be denied.

    **1.  The Court Should Deny Plaintiffs' Request to "Enter" Their Proposed ESI Protocol As There Is No Factual Basis To Warrant It or Its Burdens**

"Ordinarily and traditionally, counsel is not required to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request." *Haroun v. Thoughtworks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (quotations and citations omitted).  In *Haroun*, the plaintiff sought an order directing the defendants to identify, *inter alia*, all sources of ESI and explain their search efforts so he could determine the adequacy of those efforts.  However, the defendants had already disclosed the sources they searched and the plaintiff identified no "gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests." *Id*. at *1-2.  The Court denied the motion because there was no factual basis to reject the sufficiency of the defendants' efforts.  *Id.* at *2.

The Honorable Barbara Moses
October 18, 2021
Page 2

The same result is required here. Plaintiffs bombarded Defendants with roughly 200 document requests and do not deny that Defendants timely responded to those requests months ago. Nor do Plaintiffs challenge the sufficiency of Defendants' responses. Instead, with fact discovery scheduled to close in approximately four months (February 2022), Plaintiffs seek an order imposing cryptic requirements "regarding search methodology, data integrity, and validation" because their counsel has unspecified "concerns" about Parts Authority's production in one of many arbitrations he brought against it (*see* Dkt. No. 180, pp. 2-3).[1] Plaintiffs fail to cite any facts from this action that substantiate their purported "concerns," which failure confirms those concerns are based on pure conjecture. That is not good cause. For this reason alone, the Court should deny their request, as in *Haroun*.

Despite the hollow foundation of Plaintiffs' motion, and despite Plaintiffs' failure to produce documents that show they were employed by Defendants,[2] Defendants remained willing to search their relevant, readily accessible sources for documents and proposed an ESI protocol that actually sets those parameters. Unlike Plaintiffs' 14-page, single-spaced proposal, which contains few meaningful terms, Defendants' proposal specifies the sources of ESI to be searched, which custodians' emails will be searched (and over what time period), and what searches will be run within those to collect ESI for additional review (*see* Dkt. No. 180-2, pp. 2-5). Plaintiffs make no effort to explain why their ESI protocol "provisions regarding search methodology, data integrity, and validation" are "necessary" in this case, or why they object to Defendants' proposal. Instead, they cling to their own proposal even though it fails, unlike Defendants' proposal, to address the requirements in Judge Schofield's Individual Rules for Civil Cases ("Rules"), specifically section II.A.1, which establishes parties' default obligations for electronic discovery.[3]

### 2. The Court Should Deny Plaintiffs' Demand That Parts Authority Search For Emails "Across the G Suite," Untethered To Any Particular Custodians

Plaintiffs did not propose any search terms or custodians until August 27, 2021. When they did, they asked Defendants to search the emails of well over 30 custodians (*see* Exhibit A), some of whom were unnamed, as well as Parts Authority's entire "g suite," which contains emails/files from thousands of custodians. They made this broad request despite having already obtained testimony from Parts Authority's corporate representative that such broad

---

[1] The Court should ignore Plaintiffs' effort to impugn the integrity of Parts Authority's ESI. They have provided no evidence substantiating that accusation and merely cherry pick language from an unrelated arbitration award without providing context. As stated above, Plaintiffs have not shown any deficiencies in Parts Authority's search methods or disclosures. Nor have Plaintiffs shown any such deficiencies in those of the Diligent Defendants, yet they try to impugn them, too, by summarily accusing another, related entity of having "engaged in obstructive discovery strategies" in another action unrelated to this one, pending in another court.

[2] For example, virtually none of the seven plaintiffs and opt-ins has produced their tax returns or other documents that show that any of them were paid by any of the Defendants.

[3] This subsection states, in pertinent part: "Absent an order of the Court upon a showing of good cause or stipulation by the parties," a party from whom ESI is sought "shall not be required to search for responsive ESI: (a) From more than 10 key custodians; (b) That was created more than five years before the filing of the lawsuit; (c) From sources that are not reasonably accessible without undue burden or cost; or (d) For more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies) and reviewing that ESI for responsiveness, confidentiality and for privilege or work product protection."

The Honorable Barbara Moses
October 18, 2021
Page 3

searches are burdensome and tend to crash the system (*see* Exhibit B).  As running searches across an entire database indiscriminately, without regard to any particular custodians, is unduly burdensome and disproportionate to the discovery needs of this case, Plaintiffs were promptly asked to propose up to ten custodians, per Judge Schofield's Rules.  They have never done so, even though they have long possessed the names of potentially relevant individuals, and even though doing so may actually help determine whether or not any relevant documents exist.  In addition to persons with whom Plaintiffs supposedly interacted or otherwise know of, the Diligent and Parts Authority Defendants identified, more than 12 and 10 months ago, respectively, the applicable members of management in the geographic areas where Plaintiffs claim they worked.  Yet Plaintiffs still insist on database-wide searches.

Defendants advised Plaintiffs during recent conferrals that their proposed searches (46 demanded of Diligent and 33 demanded of Parts Authority [*see* Exhibit C]) yielded unreasonably high volumes (*see, e.g.,* Dkt. No. 180-9).  Plaintiffs do not deny receipt of the hit yields.  Nor do they deny that the hit yields were too high.  They just refuse to limit their proposed searches to specified custodians, even after being advised that some of their sweeping searches across the entire "g suite" crashed Parts Authority's search system, and that such crashes would likely continue unless the searches are narrowed, preferably to *specified* custodians.  Plaintiffs refuse and now seek an order directing Parts Authority to run more searches company-wide, across the entire "g suite," without limiting it to ten or fewer custodians, as required by Judge Schofield's Rules and in the very cases cited in their letter, *see, e.g., Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 2018 WL 1891116, at *1 ("S.D.N.Y. Apr. 3, 2018) ("The Court … directed the parties to continue to meet and confer to reach an agreement regarding ***custodians*** and search terms." (emphasis added)).  Parts Authority has shown Plaintiffs how their sweeping search demands crash its system and yield incalculable results (*see* Dkt. No. 180-9), yet Plaintiffs demand that it continue the fishing expedition.  This is unduly burdensome and disproportionate to the needs of this case, which the Parts Authority Defendants can more fully demonstrate should the Court require it.[4]

In short, while Plaintiffs have, for well over year, failed to make reasonable efforts to gather responsive documents relevant to their claims, such as their own tax returns, they insist that Defendants continue to incur the exorbitant costs associated with collecting, storing, searching and reviewing phantom ESI to satisfy their curiosity.[5]  As Plaintiffs have not provided a factual basis to warrant imposing their ESI protocol on the defendants or demonstrated good cause on which to justify deviating from Judge Schofield's Rules, the Court should deny Plaintiffs' motion in its entirety.  *Cf. Haroun*, 2020 WL 6828490 at *2 (denying the plaintiff's motion for discovery on discovery because he did "not identify any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that

---

[4] Plaintiffs' failure to focus on relevant, key custodians is further delaying the completion of proportional discovery that may help bring this matter to a conclusion.

[5] Contrary to Plaintiffs' contention, they have not actively sought electronic discovery for "well over a year."  By way of background, Defendants disclosed in February 2021 the types of potentially relevant information they have stored electronically and the extent to which such information is readily accessible.  Nevertheless, Plaintiffs plowed ahead with depositions of two corporate representatives on related, vaguely-framed topics three months later.  It was not until roughly six weeks ago that Plaintiffs first proposed any search terms and/or custodians for the corporate Defendants to collect ESI for additional review purposes.  Since then, Defendants have conferred repeatedly with Plaintiffs in an effort to reach agreement on the scope of an appropriate collection, to no avail.

The Honorable Barbara Moses
October 18, 2021
Page 4

Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests").

We appreciate the Court's attention to this matter.

Respectfully submitted,

/s/ David S. Warner

DSW/mw
Attachments (Exhibits A to C)

cc:  Counsel of record (via ECF)