

**FBFG** | **Finkelstein, Blankinship,**
**Frei-Pearson & Garber, LLP**

ONE NORTH BROADWAY
SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

October 20, 2021

**VIA ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *Henao et al. v. Parts Authority, LLC et al.*, No. 19-cv-10720 (LGS) (BCM)

Dear Judge Schofield:

This firm represents Plaintiffs in the above-referenced action.  On September 17, 2021, Plaintiffs filed Notices of Voluntary Dismissal Without Prejudice of Opt-In Plaintiffs Latoya Brown-Gillis, LaTonya Sims, and Louis Bolden (collectively "Opt-In Plaintiffs").  ECF Nos. 170 - 172.  The Court provided guidance that any dismissal with prejudice and settlement must be approved by the Court, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  We apologize for any inconvenience and now submit this letter jointly with Defendants to respectfully request expeditious judicial approval of Opt-In Plaintiffs' Settlement Agreements and Releases (attached as Exhibits A, B, and C to the Declaration of Jeremiah Frei-Pearson ("Frei-Pearson Decl.")) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  The settlements provide Opt-In Plaintiffs with $2,660.00 each inclusive of $931.00 in counsel fees.  The parties respectfully submit that the settlements easily meet the *Cheeks* requirements and respectfully request that the Court approve the settlements and dismiss the Opt-In Plaintiffs' claims with prejudice.

**I.      Background And Procedural History.**

Plaintiffs filed this case on November 19, 2019, and subsequently filed a Third Amended Complaint on October 30, 2020.  On the same day, Opt-In Plaintiffs filed consents to become party plaintiffs for claims against Defendants pursuant to the Fair Labor Standards Act ("FLSA").[1] Defendants Michigan Logistics, Northeast Logistics, Parts Authority Inc., Parts Authority, LLC, and Yaron Rosenthal filed Answers to the Third Amended Complaint on November 13, 2020, while Defendant Larry Browne filed his Answer on July 16, 2021 after his Motion to Dismiss had been denied on July 2, 2021.

Opt-In Plaintiffs allege they  delivered parts for Parts Authority as delivery drivers and were misclassified by Defendants as independent contractors .  Opt-In Plaintiffs Brown-Gillis, and

---

[1] Opt-In Plaintiffs Brown-Gillis, and Sims are also putative class members of the Maryland Class Action pursuant to the Maryland Wage and Hour Law ("MWHL"); Opt-In Plaintiff Bolden is also a putative class member of the New York Class Action pursuant to the New York Labor Law ("NYLL").

Opt-In Plaintiff LaTonya Sims claim to have worked from approximately February 2019 until about June 2019 at the Parts Authority store located in Brooklyn Park, Maryland. Opt-In Plaintiff Louis Bolden claims to have worked from approximately May 2015 – September 2015 at the Parts Authority store located in Queens Village, New York. Opt-In Plaintiffs allege that they were improperly denied reimbursement for the use of their personal vehicles for the Defendants' benefit. Defendants deny any knowledge of the Opt-In Plaintiffs, including any improper or unlawful conduct with respect to Plaintiffs. Defendants further deny that an employer-employee relationship existed as to Opt-In Plaintiffs and deny any fault or liability with respect to their claims.

On February 2, 2021, the parties engaged in a mediation before Hon. Judge Frank Maas (Ret.), beginning arm's-length settlement negotiations which led to the resolution of Opt-In Plaintiffs' claims. The terms and conditions reflected in the Settlement Agreements and Releases are the product of the Parties' negotiations and represent a fair and reasonable compromise of a *bona fide* dispute.

## II.     The Court Should Approve The Parties' Settlements And Opt-In Plaintiffs' Releases.

It is now "well-settled that an employee may waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement." *See Medley v. Am. Cancer Soc.*, No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (citing *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Stds. Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

A FLSA settlement should be approved where it is "fair and reasonable." *Kassman v. KPMG LLP*, No. 11-3743, 2021 WL 1393296, at *2 (S.D.N.Y. Apr. 12, 2021) (Schofield, J.) (quoting *Cheeks*, 796 F.3d at 201). To determine whether a FLSA settlement is fair and reasonable, the Court may consider: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See, e.g.*, *id.*

First, Opt-In Plaintiffs' range of recovery in this case is the subject of some speculation. To date, Defendants have not been able to locate Opt-In Plaintiffs' work records which would include their driving records, while the only record that Opt-In Plaintiffs have been able to locate is Opt-In Plaintiff Brown-Gillis' 1099. However, Plaintiffs estimate a potential maximum damage amount of approximately $7,819.93, which is approximately 2/3 of the total amount awarded to Susana Lucio, a similarly situated delivery driver who delivered parts for approximately 6 months and asserted similar claims against Parts Authority. *See Johnson v. Parts Authority, LLC*, No. 16-6852, ECF No. 53 (E.D.N.Y. Sept. 30, 2020) (confirming Ms. Lucio's arbitration award of $11,731.08 in *Lucio v Parts Authority, LLC*, AAA No. 01-18-0000-6169 (Masucci)). Defendants, however, contend that Opt-In Plaintiffs were not employees and thus not entitled to reimbursement of vehicle costs, and that even if Opt-In Plaintiffs had been misclassified, that their compensation adequately covered all vehicle expenses, and that their pay did not fall below the federal minimum wages and they thus have no damages. *See Oliveira v*

*Parts Authority,* LLC, AAA No. 01-19-0001-1957 (Berger) (finding no liability in a related arbitration of a similarly situated delivery driver). Accordingly, settlements for $2,660.00 are a fair compromise, given the risk of non-recovery. *See Kassman,* No. 11-3743, 2021 WL 1393296, at *6 -7 (noting that settlement amount of twenty percent of potential damages is within the range of approval in this District, collecting cases).

Second, these settlements avoid substantial burden and expense. Opt-In Plaintiffs instructed their counsel that they wish to receive a settlement payment as soon as possible, instead of continuing to litigate for years. These settlements save time and expense including in travel costs, expert witness costs, not to mention legal fees for both parties. If Opt-In Plaintiffs were to continue on to litigate, the next couple of months alone would prove costly and time consuming as they would be required to complete depositions which might include travel costs. As the case proceeds, the remaining Plaintiffs, as well as Defendants continue to accrue great expense, however, Opt-In Plaintiffs' settlements do reduce costs and overall time spent.

Third, litigation risks for Opt-In Plaintiffs are substantial. For Opt-In Plaintiffs, there is a risk that certification will be denied. For Defendants, the risk of the remaining Plaintiffs seeking class- and collective-action certification remains. Moreover, several of the related arbitration cases have gone to verdict, with drivers prevailing in whole or in part in eight cases and Defendants prevailing in four cases.[2] The arbitrations have been quite protracted (for example, Maurice Johnson filed his case in 2016, received a partial final award in his favor on August 20, 2021, and has still not received a final award). Thus, settlement in this instance allows Opt-In Plaintiffs to reduce their risk – including the risk of non-payment or non-recovery

Fourth, the record in this case makes clear that both parties benefited from the zealous advocacy of their attorneys from the beginning of this case and at every step along the way.[3] That same zeal carried over into the negotiation of the appended Settlement Agreement and Release. There is no doubt that it is the product of arm's-length negotiations.

Fifth, there is nothing to suggest the presence of fraud or collusion.

For these reasons, the parties respectfully request that the Court find that the parties' Settlement Agreements and Releases are fair and reasonable.

## III. Conclusion

Because the Settlement Agreements and Releases are fair and reasonable, the parties respectfully request that the Court approve the signed Settlement Agreements and Releases,

---

[2] Defendants prevailed in two cases against Plaintiffs' counsel (both of which did not involve court reporters) and in two cases against counsel who stopped representing drivers against Defendants after the results of those two arbitrations.

[3] Plaintiffs' counsel seek attorneys-fees of thirty-five percent of the settlement amount, as is standard in this District. *See, e.g.*, <u>Kassman</u>, 2021 WL 1393296, at *4 (approving fees of 35% in a FLSA case, collecting cases, and noting that fees of below 37.5% are "within the range of fee awards that courts in this District have approved").

attached as Exhibits A, B, and C to the Frei-Pearson Decl.  In the event that the Court has any questions regarding the parties' agreement or if the Court requires any additional information regarding the settlement, counsel for the parties are happy to make themselves available for a telephone or in-person conference at the Court's convenience.

We thank Your Honor for your time and attention to this application and the above matter.

Respectfully Submitted,

By:     */s/Jeremiah Frei-Pearson*
        Jeremiah Frei-Pearson
        **FINKELSTEIN, BLANKINSHIP,**
        **FREI-PEARSON & GARBER, LLP**
        One North Broadway, Suite 900
        White Plains, New York 10601
        Telephone: (914) 298-3281
        Facsimile: (914) 824-1561
        jfrei-pearson@fbfglaw.com

        **WEINHAUS & POTASHNICK**
        Mark Potashnick, MO Bar # 41315
        (*pro hac vice* pending)
        11500 Olive Blvd., Suite 133
        St. Louis, Missouri 63141
        Telephone: (314) 997-9150 ext. 2
        Facsimile: (314) 997-9170
        markp@wp-attorneys.com

        *Counsel for Plaintiffs*
        *and the Putative Classes*

cc: All Counsel of Record (via ECF)