**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**BY ECF**  October 20, 2021

The Honorable Barbara Moses
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007
Telephone: (212) 805-0228

**Re:**  *Henao v. Parts Authority, LLC*, **No. 19-10720 (S.D.N.Y.)**

Dear Judge Moses,

In accordance with the Court's Order, ECF No. 179, we write on behalf of Plaintiffs to reiterate Plaintiffs' respectful request that the Court (i) enter Plaintiffs' proposed ESI protocol, and (ii) order Parts Authority to search its shared drive ("G Suite") for responsive ESI, as it has done repeatedly in the past, and provide the number of documents responsive to Plaintiffs' proposed search terms as part of the customary iterative ESI conferral process.

Defendants state that Plaintiffs "do not deny that Defendants timely responded to [Plaintiffs' document requests] months ago." While it is true that Defendants produced written responses and objections and produced a total of 102 pages of documents (fewer documents than Plaintiffs have produced), Defendants have not produced any responsive ESI and have – in this putative class action – produced far fewer documents than in related individual arbitrations, thus necessitating entry of an ESI protocol.[1]

Plaintiffs' proposed ESI protocol, including the verification protocol, is necessary for several reasons, including that (1) an arbitrator has already ruled that Parts Authority's failed to produce responsive electronic documents (ECF No. 180-8); (2) Diligent has previously withheld documents in similar litigation (ECF No. 180 at 3), (3) Parts Authority has made unbelievable statements during the ESI conferral process, such as claiming that it has no ability to deduplicate electronic documents (ECF No. 180 at 2) or claiming that Parts Authority does not have *any* emails discussing the policies applied to the approximately 1,000 Diligent-contracted drivers who make deliveries for Parts Authority's each day (a representation that is false).[2]

---

[1] Despite Defendants' complaints that Plaintiffs cannot produce documentation of their employment, *see* ECF 182, at 2 n.2, Defendants, not Plaintiffs, are obligated to maintain accurate employment records. *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

[2] Defendants citation to the inapposite case of *Haroun v. Thoughtworks, Inc.*, No. 20-0100, 2020 WL 6828490 (S.D.N.Y. Oct. 7, 2020) is unavailing because the *Haroun* plaintiffs were unable to identify any reason to believe that the defendants had not searched all available ESI sources – here, Plaintiffs have identified numerous ESI sources that Defendants are refusing to search (Despite Your Honor's guidance in 2020 that the parties should meet and confer to discuss "ESI issues, including what databases exist, who the custodians are . . ." (ECF No. 112 at 32:16-22), Parts Authority refused to disclose that information until Plaintiffs noticed 30(b)(6) depositions.).

Defendants proposed ESI protocol imposes custodians and sources for Defendants that are far too limited, while also imposing unreasonable burdens on Plaintiffs. For example, Defendants' proposed protocol contains for only four Diligent document custodians and excludes Larry Browne, who is a named Defendant and is the mastermind of the scheme that results in Plaintiffs and putative collective members receiving effective wages that are less than one-third of the minimum.[3] Similarly, Defendants have unilaterally chosen unreasonable ESI sources that would require Plaintiffs to search the computers of their non-party tax preparers, while Defendants would not even produce the text messages they use to communicate with delivery drivers (Diligent has thus far refused to even disclose the number of people on the Independent Contractor Resources ("ICR") team, which is responsible for texting with Plaintiffs and class members. To date Plaintiffs are the only party to produce text messages).

Parts Authority argues that searching its shared drive, G Suite, is too burdensome and that G Suite counts as over ten custodians. Both arguments fail. Searching G Suite is not burdensome and G Suite is a single custodian. Despite Defendants' representations, Parts Authority's Rule 30(b)(6) witness admitted that Parts Authority has repeatedly searched its G Suite.[4] Parties routinely search their shared drives, such as G Suite, for ESI. *See, e.g.*, *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of New York Mellon*, No. 14-9372, 2018 WL 2215510, at *2 (S.D.N.Y. May 15, 2018) ("[Defendant] has collected ESI from Existing Custodians and the shared drive, and is producing that material to plaintiffs on a rolling basis."); *IQVIA, INC. v. Veeva Sys., Inc.*, No. 17-00177, 2019 WL 3069203, at *1 (D.N.J. July 11, 2019) ("[Party] conducted reasonable searches in its Google Drive for custodial and non-custodial documents[.]"); *Nichols v. Noom Inc.*, No. 20-3677, 2021 WL 948646 (S.D.N.Y. Mar. 3, 2021) (Schofield, J) (reflecting that the parties searched all ESI on Google Vault). This is because company-wide searches on G Suite are not overly burdensome. *See* ECF No. 180-11 at ¶ 6, Declaration of Alvin J. Flowers Jr.[5]

Plaintiffs have asked Parts Authority to run Plaintiffs' proposed search terms and share document hit counts as part of the customary iterative process of meeting and conferring over search terms. At present, Parts Authority is refusing to provide hit counts to Plaintiffs' revised search terms. We therefore respectfully ask the Court to (i) enter Plaintiffs' proposed ESI protocol, and (ii) order Parts Authority to search its shared drive for responsive ESI, as it has done repeatedly in the past, and provide the number of documents responsive to Plaintiffs' those terms as part of the customary iterative process. We thank the Court for its continued attention to this matter.

---

[3] Plaintiffs' currently-preferred Diligent custodians include Camille Harvey of the ICR team, the rest of the ICR team (an unknown number of people who Defendants refuse to disclose), Larry Browne, Doak Medchill, Scott Bruter, Jerry Curcio, and Alejandro Quiro.

[4] Parts Authority conflates the number of documents that Plaintiffs will ultimately request with the search of the G Suite. This is incorrect. Plaintiffs will ultimately request a reasonable and manageable number of documents, based on search terms arrived at via an iterative process.

[5] Any system crashes can be eliminated by using Google Vault Help's "Count" feature. *See Get started with Vault search and export*, Google Vault Help, (last accessed Oct. 19, 2021), https://support.google.com/vault/answer/6161352?hl=en.

2

Respectfully submitted,

*/s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
Andrew C. White
Amanda T. Chan
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com
awhite@fbfglaw.com
achan@fbfglaw.com

Mark Potashnick (*Pro Hac Vice*)
**WEINHAUS & POTASHNICK**
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170

*Attorneys for Plaintiffs and the putative classes*

CC:
All counsel of record by ECF