```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
DAVIDSON HENAO et al.,                                       :
                              Plaintiffs,                    :
                                                             :          19 Civ. 10720 (LGS)
              -against-                                      :
                                                             :                ORDER
PARTS AUTHORITY, LLC, et al.,                                :
                              Defendants.                    :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 20, 2021, the parties filed a letter motion for approval of a proposed settlement for Opt-In Plaintiffs Latoya Brown-Gillis, LaTonya Sims and Louis Bolden (the "Opt-In Plaintiffs").

WHEREAS, on October 27, 2021, the parties' application for approval of their settlement agreement was denied without prejudice to renewal.

WHEREAS, the parties submitted revised settlement agreements on November 10, 2021. It is hereby

**ORDERED** that the settlement agreements for the Opt-In Plaintiffs are **APPROVED** as fair and reasonable based on the nature and scope of the Opt-In Plaintiffs' claims and the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). It is further

**ORDERED** that Opt-in Plaintiffs' counsel's request for $931.00 as reasonable attorneys' fees is **GRANTED**. The remainder of the settlement shall be distributed to Opt-In Plaintiffs. It is further

**ORDERED** that Opt-In Plaintiffs' claims are dismissed without costs and without

prejudice to restoring the action to the Court's calendar, provided the application to restore the action is made within thirty (30) days of this Order. Any application to reopen filed after thirty (30) days from the date of this Order may be denied solely on that basis.

Dated: November 12, 2021
      New York, New York

                                            LORNA G. SCHOFIELD
                                      UNITED STATES DISTRICT JUDGE