**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY
SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

March 3, 2022

**VIA ECF**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Henao et al. v. Parts Authority, LLC et al.*, **No. 19-cv-10720 (LGS) (BCM)**
      **Request For Judicial Approval of FLSA Settlements**

Dear Judge Schofield,

Plaintiffs now submit this letter jointly with Defendants to respectfully request expeditious judicial approval of the Settlement Agreements and Releases of Plaintiffs attached as Exhibits 1 through 8 pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The settlement agreements are in the form previously approved by the Court as fair and reasonable for other opt-in plaintiffs in this action (ECF No. 192) and we respectfully request that the Court approve the settlements and dismiss the remaining Named Plaintiffs' and Opt-In Plaintiffs' (collectively "Plaintiffs") claims with prejudice. Such an approval would bring resolution to the case.

The chart below lists the settlements amounts.

| Plaintiff | Named or Opt-In | Gross Amount | Attorney Fees and Costs | Amount to Client |
|---|---|---|---|---|
| Davidson Henao | Named | $8,187.50 | $3,187.50 | $5,000.00 |
| Miguel Mero | Named | $8,187.50 | $3,187.50 | $5,000.00 |
| Rasheem Martin | Named | $8,187.50 | $3,187.50 | $5,000.00 |
| Shawn Williams | Named | $10,687.50 | $3,187.50 | $7,500.00 |
| Omobowale Avoseh | Named | $9,187.50 | $3,187.50 | $6,000.00 |
| Ralph Brea | Opt-In of Nov. 5, 2020 | $9,187.50 | $3,187.50 | $6,000.00 |
| Martin Williams Jr. | Opt-In of Nov. 5, 2020 | $8,187.50 | $3,187.50 | $5,000.00 |
| Maurice Headd | Opt-In of Sept. 9, 2021 | $8,187.50 | $3,337.50 | $4,850.00 |

**I.    Background And Procedural History.**

Plaintiffs Henao and Mero filed this case on November 19, 2019, and all Plaintiffs subsequently filed a Third Amended Complaint on October 30, 2020. Opt-In Plaintiffs Brea[1] and

---

[1] Opt-In Plaintiff Ralph Brea is also a putative class member of the uncertified New York Class Action pursuant to the New York Labor Law ("NYLL").

Martin Williams Jr.[2] filed their consent to become party plaintiffs for claims against Defendants pursuant to the Fair Labor Standards Act (FLSA) on November 5, 2020 and Opt-In Plaintiff Headd did the same on Sept. 9, 2021.  Defendants Michigan Logistics, Northeast Logistics, Parts Authority Inc., Parts Authority, LLC, and Yaron Rosenthal filed Answers to the Third Amended Complaint on November 13, 2020, and Defendant Larry Browne filed his Answer on July 16, 2021.

Plaintiffs allege they delivered parts for Parts Authority as delivery drivers and were misclassified by Defendants as independent contractors The chart below lists the approximate durations and locations they claim to have worked.

| Name | Approx. Time Period Worked | Location of Parts Authority Store Worked |
|---|---|---|
| Davidson Henao | 8 months in 2016 | 8940 Metropolitan Avenue, Rego Park, New York, 11374 and 211-10 Hillside Avenue, Queens Village, New York, 11427 |
| Miguel Mero | 6 months in 2016 | 8940 Metropolitan Avenue, Rego Park, New York, 11374 |
| Rasheem Martin | June to December 2017 | 11 Farber Drive, Bellport, New York, 11713 |
| Shawn Williams | March 2014 to June 2019 | 6105 Greenbelt Road, Berwyn Heights, Maryland, 20740; 2431 Crofton Lane, Crofton, Maryland, 21114; 9731 Washington Blvd., Laurel, Maryland, 20723; 485 South Stonestreet Avenue, Rockville, Maryland, 20850; 4964 Wyaconda Road, Rockville, Maryland, 20852; 5001 Kenilworth Avenue, Hyattsville, Maryland, 20781; 6335 Chillum Place NW, Washington, DC, 20011; and 2901 Minnesota Avenue SE, Washington, DC, 20019 |
| Omobowale Avoseh | December 2017 to June 2018 | 9156 Gaither Road, Gaithersburg, Maryland, 20877, and 4964 Wyaconda Road, Rockville, Maryland, 20852 |
| Ralph Brea | February to October 2015 | 39-01 170th Street, Flushing, New York 11358. |
| Martin Williams Jr. | August 2017 to August 2018 | 2901 Minnesota Avenue, Washington, DC 20019; and 4964 Wyanconda Road, Rockville, Maryland 20852 |
| Maurice Headd | 2018 to 2019 | Marietta, Georgia and Roslyn, Georgia |

Plaintiffs allege that they were misclassified as independent contractors and therefore denied overtime and paid effective wages below the minimum.  Defendants deny any improper or

---

[2] Opt-In Plaintiff Martin Williams is also a putative class member of the Multi-State Class Action pursuant to Maryland Wage and Hour Law ("MWHL").

unlawful conduct with respect to Plaintiffs. Defendants further deny the existence of any employment or other relationship with Plaintiffs and deny any fault or liability with respect to their claims.

On February 2, 2021, the parties engaged in a mediation before Hon. Judge Frank Maas (Ret.), beginning arm's-length settlement negotiations which eventually led to the resolution of Plaintiffs' claims. The terms and conditions reflected in the Settlement Agreements and Releases are the product of the Parties' negotiations and represent a fair and reasonable compromise of a *bona fide* dispute.

## II. The Court Should Approve The Parties' Settlements And Plaintiffs' Releases.

It is now "well-settled that an employee may waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement." *See Medley v. Am. Cancer Soc.*, No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (citing *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Stds. Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

A FLSA settlement should be approved where it is "fair and reasonable." *Kassman v. KPMG LLP*, No. 11-3743, 2021 WL 1393296, at *2 (S.D.N.Y. Apr. 12, 2021) (Schofield, J.) (quoting *Cheeks*, 796 F.3d at 201). To determine whether a FLSA settlement is fair and reasonable, the Court may consider: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Id.*

First, Plaintiffs' range of recovery in this case is the subject of some speculation. Defendants claim to have no work records applicable to Plaintiffs. Plaintiff Avoseh and Opt-In Plaintiff Martin Williams, Jr. located paystubs issued by third parties, but nothing further. Defendants contend that Plaintiffs were not their employees and thus not entitled to reimbursement of vehicle costs, and that even if Plaintiffs had performed work for them, the compensation they received for that work adequately covered vehicle expenses, and that such compensation satisfied the minimum wage and they thus have no damages. *See, e.g., Oliveira v. Parts Authority, LLC*, AAA No. 01-19-0001-1957 (Arbitrator Berger Mar. 23, 2020) (finding no liability in a related arbitration of a similarly-situated delivery driver).

The settlements are appropriately priced given Plaintiffs' counsel's tentative recovery estimations. The proposed settlement amounts range from 36 percent to 92 percent of the estimated recovery for each plaintiff.[3] The chart below demonstrates the percentages.

---

[3] Messrs Mero, Martin, Avoseh and Brea either sat for deposition or prepared for deposition. *Cf. In re AOL Time Warner ERISA Litigation*, No. 02-8853, 2007 WL 3145111 at *3 (S.D.N.Y. 2007) ("An incentive award that compensates the Named Plaintiffs for the time they spent sitting for depositions, plus reasonable deposition preparation time, creates less of a disparity among class members while still rewarding the Named Plaintiffs for their efforts.").

| Plaintiff | Gross Amount | Estimated Recovery | Percentage |
|---|---|---|---|
| Davidson Henao | $8,187.50 | $12,000 | 68% |
| Miguel Mero | $8,187.50 | $10,000 | 82% |
| Rasheem Martin | $8,187.50 | $10,000 | 82% |
| Shawn Williams | $10,687.50 | $30,000 | 36% |
| Omobowale Avoseh | $9,187.50 | $10,000 | 92% |
| Ralph Brea | $9,187.50 | $12,000 | 77% |
| Martin Williams Jr. | $8,187.50 | $14,000 | 58% |
| Maurice Headd | $8,187.50 | $20,000 | 41% |

Accordingly, settlements for the above amounts are a fair compromise, given the risk of non-recovery. *See Kassman*, No. 11-3743, 2021 WL 1393296, at *6-7 (noting that settlement amount of twenty percent of potential damages is within the range of approval in this District, collecting cases).

Second, these settlements avoid substantial burden and expense. Plaintiffs instructed their counsel that they wish to receive a settlement payment as soon as possible, instead of continuing to litigate for unknown lengths of time. These settlements save time and expense including in travel costs and expert witness costs, not to mention legal fees for both parties. If Plaintiffs were to continue on to litigate, the next couple of months alone would prove costly and time consuming as some Plaintiffs would be required to complete depositions which might include travel costs. As the case proceeds, the parties continue to accrue great expense.

Third, the litigation risks are substantial. Plaintiffs risk loss of collective certification, or ineffective conditional certification (even if granted) given that Defendants deny having any record of members of the proposed class. Moreover, several related arbitration cases have gone to verdict, with Defendants prevailing in several cases. The arbitrations have been quite protracted (for example, Maurice Johnson, a similarly-situated delivery driver, filed his case in 2016, received a partial final award in his favor on August 20, 2021, and has still not received a final award). Thus, settlement in this instance allows Plaintiffs to reduce their risk -- including the risk of non-payment or non-recovery -- and allows Defendants to reduce exposure as well.

Fourth, the record in this case makes clear that both parties benefited from the zealous advocacy of their attorneys from the beginning of this case and at every step along the way.[4] That same zeal carried over into the negotiation of the appended Settlement Agreement and Releases.

---

[4] Plaintiffs' counsel seeks attorneys' fees of thirty-five percent of the settlement amount and costs, as is standard in this District. *See, e.g.*, Kassman, 2021 WL 1393296, at *4 (approving fees of 35% in a FLSA case, collecting cases, and noting that fees of below 37.5% are "within the range of fee awards that courts in this District have approved"). The attorneys' fees and costs here total $25,650.00 though the lodestar amounts to approximately $460,000 and Plaintiffs' counsel's costs are approximately $15,000.

4

There is no doubt that it is the product of arm's-length negotiations.

Fifth, there is nothing to suggest the presence of fraud or collusion.

For these reasons, the parties respectfully request that the Court find that the parties' Settlement Agreements and Releases are fair and reasonable.[5]

### III. Conclusion

Because the Settlement Agreements and Releases are fair and reasonable, the parties respectfully request that the Court approve the signed Settlement Agreements and Releases, attached as Exhibits 1 through 8. In the event that the Court has any questions regarding the parties' agreement or if the Court requires any additional information regarding the settlement, counsel for the parties are happy to make themselves available for a telephone or in-person conference at the Court's convenience. We thank Your Honor for your time and attention to this application and the above matter.

Respectfully Submitted,

By: */s/Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
jfrei-pearson@fbfglaw.com

**WEINHAUS & POTASHNICK**
Mark Potashnick, MO Bar # 41315
(*pro hac vice* granted)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
markp@wp-attorneys.com

*Counsel for Plaintiffs
and the Putative Classes*

Attachments

cc: All Counsel of Record (via ECF and email)

---

[5] Attached as Exhibit 9 is a proposed order for the Court's convenience.