# EXHIBIT 1

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Northeast Logistics, Inc. d/b/a Diligent Delivery Systems ("Diligent") on the one hand and Davidson Henao ("Plaintiff") on the other hand.

### I. RECITALS

A. Plaintiff has asserted claims against Parts Authority, LLC and Parts Authority, Inc. (collectively "Parts Authority") and Diligent as plaintiff in *Henao et al. v. Parts Authority, LLC et al.*, 19-cv-10720 (S.D.N.Y.) (the "Action"). The claims asserted in the Action include claims arising under the Fair Labor Standards Act ("FLSA") and the state wage and hour laws of several states based on delivery services allegedly provided by Plaintiffs to Defendants.

B. Diligent and Parts Authority are hereafter collectively referred to as "Defendants."

C. Plaintiff alleges that he performed delivery services for Parts Authority and that the control exercised by Diligent and/or Parts Authority over those services made him an employee of Diligent and/or Parts Authority. Plaintiff further alleges that, as an employee, he was entitled to minimum and overtime wages as set by state and federal law, and that Defendants failed to pay such legally-owed wages. Defendants have denied any improper or unlawful conduct with respect to Plaintiff, denied that any employment relationship existed between Defendants and Plaintiff, and denied that Plaintiff is entitled to any damages or relief. By entering into this Agreement, Defendants do not admit fault or liability. Plaintiff agrees that this Agreement shall not be considered evidence of any wrongdoing by Defendants.

D. The parties agree that the Action involves disputed issues of both fact and law. The parties mutually wish to settle Plaintiffs' claims and discontinue the Action with prejudice in accordance with the terms and conditions set forth in this Agreement. This Agreement applies to all matters relating to or arising out of events, whether known or unknown, occurring up to the date this Agreement is executed by Plaintiff.

THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

## II. COVENANTS

1. <u>Payment to Plaintiff</u>. Diligent agrees to pay Plaintiff the gross sum of Eight Thousand One Hundred Eighty-Seven Dollars and Fifty Cents ($8,187.50) ("Settlement Payment"). Payment shall be made by a check in the amount of $5,000.00 to Mr. Henao, and $3,187.50 to Plaintiff's counsel Finkelstein, Blankinship, Frei-Pearson & Garber, LLP. The Settlement Payment shall be paid within seven days after the Court dismisses the Action with prejudice. The Settlement Payment will be reported on an IRS Form 1099. Plaintiff agrees to pay all federal, state or local taxes which may become due, if any, as a result of payment of the Settlement Payment. Plaintiff agrees and affirms that the payment described in this Paragraph shall constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement and that neither he nor legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff's relationship with Defendants.

2. <u>Mutual Release of Claims</u>. As consideration for the Settlement Payment, Plaintiff, individually and on behalf of his successors, heirs, and assigns, hereby settles and releases Released Parties (as defined below) from any and all actions, charges, causes of action, complaints, claims, judgments and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, in law or in equity, that Plaintiff at any time had, claimed to have, may have or may claim to have that are premised in whole or in part on an assertion that Plaintiff was an employee of Defendants or any of them. Without limiting the generality of the foregoing, the release by this Agreement includes claims for minimum wages and overtime pay under federal and state wage laws, including the Fair Labor Standards Act, wage and hour laws of Arizona, Georgia, Maryland, New Jersey, the District of Columbia and New York, including the Wage Theft Protection Act, the New York State Miscellaneous Wage Order, 12 N.Y.C.R.R. Part 142, and the New York City Freelance Isn't Free Act, N.Y.C.C.R.R. § 20-927 (collectively, the "Released Claims"). For purposes of this Agreement, "Released Parties" shall mean Diligent and any of Diligent's customers for which Plaintiff performed delivery services as a result of a relationship with Diligent or a Diligent contracted owner-operator, including but not limited to Defendants, and each of their parent or sister corporations (including but not limited to BBB Logistics, Michigan Logistics and Arizona Logistics) and their respective present and former affiliates, subsidiaries, successors, predecessors, assigns, directors, officers, shareholders, supervisors, employees, attorneys, agents, independent contractors and representatives.

Plaintiff agrees that in the event any action, complaint, charge, grievance or arbitration is filed on his behalf against any of the Releasees which asserts claims arising out of events occurring prior to the execution of this Agreement based or otherwise dependent upon an allegation that Plaintiff, or Diligent owner/operators generally, were improperly treated as independent contractors, this

Agreement shall be a complete defense in any such proceeding and to any damages that may be awarded in such proceeding.

Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that they once had, could have had, or now have arising out of Plaintiff's relationship with Defendants whether such claims are now known or unknown.

3. <u>No Other Claims Filed</u>. Plaintiff represents and warrants that other than the Action, he has not filed and will not file any claim, complaint or charge with any local, state, or federal agency or enforcement body. If such a claim, complaint or charge has been or is filed, Plaintiff shall not be entitled to any further recovery or relief other than the payment set forth in Paragraph 1. Plaintiff waives any right to become, and promises not to voluntarily become, a member of any class in a case in which any claim or claims are asserted against the Releasees which are released pursuant to this Agreement.

4. <u>Limitations on Waiver and Release.</u>

   a. No provision in this Agreement shall be interpreted as a release of any claim that cannot lawfully be released.

   b. Nothing in this Agreement is intended to or does waive or infringe Plaintiff's right to file a charge of discrimination or complaint with the EEOC or any federal, state, or local agency responsible for investigating alleged violations of federal, state, or local laws, or from participating in investigations, proceedings, or litigation conducted by any such agency.

5. <u>Non-Admission of Liability or Wrongdoing</u>. By entering into this Agreement, neither Defendants nor any of the Released Parties admit any impropriety, wrongdoing or liability of any kind whatsoever, and on the contrary, each expressly denies the same. Defendants have entered into the Agreement solely for the purpose of avoiding the expense, inconvenience and distraction of arbitration and/or litigation, without admitting any wrongdoing or liability whatsoever, and without waiving any defense or argument that could have been asserted in any administrative or legal proceeding. This Agreement shall not be admissible in any proceeding, except proceedings to enforce this Agreement or for breach of this Agreement.

6. <u>No Mistake</u>. Plaintiff waives all rights to assert that this Agreement was the result of a mistake in law or in fact. Further, Plaintiff waives all rights to assert that any or all of the legal theories or factual assumptions used for negotiating purposes are for any reason inaccurate or inappropriate.

7. <u>Plaintiff's Authority to Release</u>. Plaintiff hereby covenants and warrants that he has not assigned, transferred or purported to assign or transfer to any person any portion of any claims

which are released and waived in Paragraphs 2-7 above. Plaintiff agrees not to assign, transfer or purport to assign or transfer any portion of any such claims.

8. <u>Dismissal with Prejudice</u>. Plaintiff hereby authorizes and directs Finkelstein, Blankinship, Frei-Pearson & Garber, LLP to execute any and all documents necessary to effectuate the dismissal of the Action with prejudice. If judicial approval of this Agreement shall become necessary, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP shall provide Defendants' counsel with a reasonable opportunity to review and consent to Plaintiffs' application for such approval.

9. <u>No Further Payment for Attorney's Fees or Costs</u>. Plaintiff shall bear all future costs incurred by him or on his behalf in connection with the Action and this Agreement.

10. <u>Entire Agreement; Modification</u>. This Agreement sets forth the complete agreement between the parties. No other covenants or representations have been made or relied on by the parties, and no other consideration, other than that set forth herein, is due or owing between the parties. This Agreement may not be modified except in a writing signed by all parties or their counsel.

11. <u>No Further Representations</u>. Plaintiff represents that he has read this Agreement in its entirety, and understands each of its terms. Plaintiff further represents that no representations, promises, agreements, stipulations, or statements have been made by Defendants or any of the Released Parties to induce this settlement, beyond those contained herein. Plaintiff further represents that he voluntarily signs this Agreement as his own free act, and that he is not acting under any coercion or duress

12. <u>Interpretation of Agreement</u>. Each party acknowledges and stipulates that the compromises and settlements that form the basis of the Agreement have been arrived at after thorough bargaining and negotiation and represent a final, mutually agreeable compromise of matters provided herein. The Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the parties. If any provision of this Agreement should be declared to be unenforceable by any administrative agency or court of law, the remainder of the Agreement shall remain in full force and effect, and shall be binding upon the parties hereto as if the invalidated provision were not part of this Agreement.

13. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with federal law and the laws of the state of New York, without regard to its conflict of laws principles, as applicable.

14. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or

electronic signature (i.e., via DocuSign). The executed signatures may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloudbased server, or e-signature technology.

    IN WITNESS THEREOF, and intending to be legally bound, the parties have executed this Agreement to be effective on its execution by Plaintiff and its delivery to Defendants' counsel (the "Effective Date").

Dated: _____

Northeast Logistics, Inc. d/b/a Diligent Delivery Systems

By: _____

Dated: 11/30/2021 _____

Davidson Henao